IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARK CHRISTESON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 04-8004-CV-W-DW |
| v. | ) | |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Petitioner Mark Christeson was convicted in Missouri state court of murder and sentenced to death. Now before this Court is Christeson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 10). The Court ordered supplemental briefing on whether the petition is timely. See Doc. 42. After carefully reviewing the facts and the applicable law, the Court dismisses the untimely petition.

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal habeas corpus remedy to file his federal petition within one year after his state conviction has become "final." 28 U.S.C. § 2244(d)(1)(A). The statute adds, however, that the 1-year period does not include the time during which an application for state collateral review is "pending" in the state courts. § 2244(d)(2).

The parties agree on the procedural history and relevant dates. On direct appeal, the Supreme Court of Missouri affirmed Christeson's conviction and sentence. See State v. Christeson, 50 S.W.3d 251 (Mo.), cert. denied, 534 U.S. 978 (2001). The United States Supreme Court denied his petition for a writ of certiorari on October 15, 2001. Id. On November 15,

2001—**31 days** after the denial of certiorari review—Christeson filed his motion for state post-conviction relief under Missouri Supreme Court Rule 29.15. The state high court affirmed the denial of post-conviction relief, and denied rehearing on May 11, 2004. See Christeson v. State, 131 S.W.3d 796 (Mo. 2004). Christeson did not seek review by the United States Supreme Court, but could have done so until August 8, 2004—**90 days** after the state supreme court's mandate. The parties agree that Christeson filed his habeas petition in this Court on August 5, 2005—**362 days** after the deadline for seeking certiorari review.

It is undisputed that the 362 days before Christeson filed his federal habeas petition count against him. The question of whether the 90-day period after May 11, 2004 is tolled may soon be resolved by the United States Supreme Court. See Lawrence v. Florida, 421 F.3d 1221 (11th Cir. 2005), cert. granted, 126 S. Ct. 1625 (U.S. March 27, 2006) (No. 05-8820). That issue, however, is not material to this Court's decision. Christeson's petition is untimely because "the time between the date that direct review of a conviction is completed and the date than an application for state post-conviction relief is filed counts against the one-year period." Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). The Supreme Court's decision in Carey v. Saffold, 536 U.S. 214 (2002), did not change that rule. See Curtiss v. Mt. Pleasant Corr. Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); see also Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005). And the Court cannot draw a meaningful distinction between this case—where a state court petition for post-conviction relief was properly filed before the end of AEDPA's limitations period—and Painter and Curtiss—where the petitioners properly filed state PCR petitions more than a year after the end of direct review. In either kind of case, the plain language of the statute dictates that the limitations period "shall run" from the conclusion of direct review, and is only tolled when an

2

"application" for state post-conviction review exists. 28 U.S.C. § 2244(d)(1)(A), (d)(2). Even after Saffold, a "properly filed application" cannot be "pending" until a document initiates the ordinary state collateral review process.

Christeson does not argue that extraordinary circumstances in this case justify equitable tolling. Therefore, according to the statute, the petition is untimely because it was not filed within a 1-year period, but after 393 untolled days. The Court hereby

DISMISSES AS UNTIMELY Christeson's petition for habeas corpus (Doc. 10); and

DENIES AS MOOT the motion for an evidentiary hearing (Doc. 11).

SO ORDERED.

        /S/ DEAN WHIPPLE
        Dean Whipple
        United States District Judge

Date: January 31, 2007