IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARK A. CHRISTESON, | : | |
|     *Petitioner*, | : | No.: 4:04-CV-08004-DW |
| | : | **CAPITAL CASE** |
| v. | : | |
| | : | **UNDER WARRANT** |
| DONALD P. ROPER, Superintendent, | : | **EXECUTION SET:** |
| Potosi Correctional Center, | : | **OCT. 29, 2014 at 12:01 AM, CDT** |
|     *Respondent*. | : | |
| | : | |

**RENEWED MOTION BY *PRO BONO* COUNSEL FOR SUBSTITUTION**

**OF 18 U.S.C. §3599 APPOINTED COUNSEL[1]**

By and through undersigned *pro bono* counsel,[2] Petitioner Mark A. Christeson moves for the substitution of counsel appointed pursuant to 18 U.S.C. §3599. This marks the fourth time in the past five months that Mr. Christeson's need for the substitution by conflict-free counsel has come before this Court.[3] This instance is precipitated by the Court of Appeals' dismissal yesterday, October 15, 2014, of Mr. Christeson's appeal from this Court's July 10,

---

[1] Undersigned counsel is filing this Renewed Motion by *Pro* Bono Counsel for Substitution of 18 U.S.C. §3599 Appointed Counsel per Order of the Eighth Circuit. *See* Exhibit 1 ("Upon consideration of the request for an order directing the District Court to accept filing, it is ordered that Attorney Jennifer Merrigan is permitted to file a renewed motion for substitution of counsel in the District Court").

[2] Undersigned *pro bono* counsel, Ms. Jennifer Merrigan, noticed her appearance on Mr. Christeson's behalf on August 5, 2014, (Doc. 81), for the limited purpose of appealing from the Court's July 10, 2014 order. As set forth herein, Ms. Merrigan continues her *pro bono* representation concerning the subject and substance of that dispute, *viz.* the conflict of interest of the Court-appointed attorneys against Mr. Christeson and the requirement of this Court to ensure substitution by conflict-free counsel. This representation is governed by Missouri Professional Conduct Rule 4-1.2(c) and 4.1-2(d)(2). Ms. Merrigan filed her Amended Entry of Appearance. (Doc. 95).

[3] This fourth attempt is a refilng of Document 96, to cure the jurisdictional defect. Other than updating this motion to reflect the procedural posture of the case, undersigned counsel have made no changes to it.

2014 order (*infra*) because undersigned counsel lacked standing. Mr. Christeson, through his *pro bono* counsel, files this third substitution motion in order to cure that procedural defect.

**Mr. Christeson is scheduled to be executed on October 29, 2014 at 12:01 AM, CDT**, pursuant to a September 19, 2014 order of the Missouri Supreme Court. As emphasized in undersigned counsel's initial appearance as an interested party in this case on May 23, 2014, Mr. Christeson has had no federal review. He is the only man in Missouri sentenced to death but deprived of his first federal habeas corpus review. *Lonchar v. Thomas*, 517 U.S. 314 (1996) (first federal habeas review of a capital conviction is an "important liberty interest").

The issues now before the Court were first presented on May 23, 2014 via the Notice By Friends Of The Court Of Petitioner's Need For Substitution By Conflict-Free Counsel, (Doc. 62, "Notice By Friends"). The Notice By Friends had resulted from ethical obligations precipitated by the actions of Mr. Christeson's conflicted counsel, Messrs. Eric Butts and Philip Horwitz, after soliciting and engaging federal habeas corpus attorneys to consult on the case. At stake, *inter alia*, has been Mr. Christeson's ability to have counsel to develop and present a motion to the Court pursuant to Fed. R. Civ. P. 60(b) in order to vacate the Court's January 31, 2007 order, (Doc. 52), dismissing for untimeliness Mr. Christeson's federal habeas application and foreclosing any federal review. *See generally Gonzalez v. Crosby*, 545 U.S. 524 (2005).

Conflicted counsel have withheld access to their file and any other relevant information bearing upon the circumstances *sub judice* and specifically their conduct and abandonment at critical junctures following their 2004 appointment by this Court. Mr. Christeson's history in relation to his federal court representation clearly suggests the

presence of bases for equitable tolling of the federal limitations period pursuant to *Holland v. Florida*, 560 U.S. 631 (2010). Mr. Christeson's apparent incapacity to understand and protect his legal interests, combined with Butts and Horwitz's fraudulent misrepresentations to him, would figure at the center of the prospective equitable tolling inquiry that would be carried out by conflict-free §3599 counsel. *See, e.g., Davis v. Humphreys*, 747 F.3d 497 (7th Cir. 2014) (Easterbrook, J.).

I.  OVERVIEW

Mr. Christeson presents an anomalous case in Missouri's federal capital habeas corpus annals. His statute of limitations was defaulted over nine years ago yet the entire Missouri capital defense bar overlooked his plight despite, upon examination, apparently meritorious legal and equitable means for reopening his case. There are reasons for this anomaly. Those reasons, set out in the preceding litigation in this Court and the Court of Appeals (and supplemented herein, *infra* at III.), portend grounds for equitable tolling of the federal limitations period. Foremost among those reasons has been the perennial effort of the conflicted attorneys, Messrs. Butts and Horwitz, to conceal their abandonment and sustained defraudment concerning the dismissal of their federal petition.

Further, among the grounds for constitutional relief that could be considered in his first federal habeas corpus review are claims deriving from a staggering array of victimization, abuse, and exploitation from Mr. Christeson's infancy through his first 18 years of life in squalor and pathology. At the time of the horrific triple murder for which he and his then 17 year-old cousin and co-defendant (who testified against him in exchange for being spared the death penalty in a separate prosecution), were convicted, the two had set out once again to try to run away from the custody of their cousin, David Bolin, a man they were

3

made to call "Uncle David."[4] As much as any grounds presented to Missouri's federal courts in the modern death penalty era, the actual conditions of Mr. Christeson's childhood—if such a personal history can be called that—and their affects on Mark would warrant mercy. *See, e.g., Wiggins v. Smith*, 539 U.S. 510 (2003).

Furthermore, Mr. Christeson's deprivation of federal review could not be more harmful due to the nature and degree of defects in his state collateral review proceedings. The conditions of Mr. Christeson's Missouri Rule 29.15 Motion proceedings call for federal scrutiny more so than any habeas corpus case in Missouri's federal courts since the enactment of AEDPA in 1996. No longer a Missouri judge after losing his re-election bid following Mr. Christeson's 1999 conviction, the Missouri Supreme Court appointed David Darnold, Christeson's trial judge, as a "Senior Judge" for the single purpose of presiding over Christeson's post-conviction motion. (Vernon County Circuit Court, 01CV673904, Nov. 16, 2001 order, Limbaugh, J.). Thus, the recently elected circuit judge whom the voters had chosen to replace Darnold was prevented from hearing Mr. Christeson's post-conviction claims. Senior Judge Darnold then disposed of Mr. Christeson's Missouri Rule 29.15 post-conviction motion by signing, without editing, a 170-page order entirely drafted by the Attorney General's Office. Mr. Christeson's state post-conviction review was flawed beyond the point of vitiating any federal deference warranted by the fundamental principle of comity underlying the exhaustion doctrine. *Jefferson v. Upton*, 560 U.S. 284, 287 (2010).

---

[4] David Bolin was the landlord for an extended web of kin living in an isolated rural compound of shacks, trailers and a broken down school bus known as "Bolin Hill." For decades, Bolin has been a sexual predator upon children and otherwise criminally abusive yet he has succeeded in obtaining custody of numerous minors, like Mark Christeson and his cousin Jesse Carter, within his extended family due to the members' various incapacities and struggles.

Mr. Christeson's present substitution motion brought by his undersigned counsel relies on and hereby expressly incorporates the record in this Court of the prior proceedings in this case, No. 4:04--08004-DW,[5] and the record in the Court of Appeals pursuant to the appeal from this Court's July 10, 2014 order (Doc. 78), timely noticed on August 11, 2014, (Doc. 83).[6]

Mr. Christeson herein introduces certain additional evidence relating to the conflict of interest of his appointed counsel as well as the underlying issue of the prospective bases for equitable tolling of the one-year statute of limitations for Mr. Christeson's federal habeas petition that his appointed counsel untimely filed in 2005. This additional evidence and information (*infra* at III.), concerns the relevant consequence of a Potosi corrections officer-sanctioned pummeling of Mr. Christeson by two inmates on November 30, 2000, resulting in multiple head injuries. Instead of facing prosecution, the perpetrators attained public notoriety and praise, including publicly reported amusement by the Missouri Department of Corrections about their inmates' vigilantism.

## II. RELEVANT PROCEDURAL AND CASE HISTORY

### A. Prior Proceedings In This Court Concerning Substitution

Undersigned counsel introduced the substance of this matter on May 23, 2014 via the Notice By Friends Of The Court Of Petitioner's Need For Substitution By Conflict-Free

---

[5] Mr. Christeson specifically incorporates the record emanating from Doc. 62 *et seq.*, in addition to the record preceding that filing.

[6] The Court of Appeals for the Eighth Circuit assigned this Appellate Case No. 14-2896, docketing the appeal on August 12, 2014. The Court of Appeals dismissed the appeal by an unsigned order of the clerk entered on October 15, 2014.

Counsel, (Doc. 62). Attorneys Jennifer Merrigan (undersigned, of the Missouri bar)[7] and Joseph Perkovich (of the New York bar) appeared as "Friends of the Court in Behalf of Petitioner, Mark A. Christeson" in order to give notice of the grave conflict that the attorneys this Court appointed pursuant to 18 U.S.C. §3599 on July 2, 2004, (Doc. 5), have had against Mr. Christeson for essentially the past decade.

Although Mr. Christeson's appeal from this Court's dismissal of his untimely petition was denied in 2007, he is nonetheless statutorily entitled to counsel under 18 U.S.C. §3599(a)(2), which encompasses, *inter alia*, "all available post-conviction process." *Harbison v. Bell*, 556 U.S. 180, 185 (2009) (quoting §3599(e) as "set[ting] forth counsel's responsibilities"). *Harbison* provides that the federal statutory right to counsel for men under a state judgment imposing a death sentence extends all the way through state executive clemency proceedings. 556 U.S. at 182. Surely, prospective federal litigation such as a Rule 60(b) motion to re-open a closed case by vacating the judgment is well within the bounds of the rights under §3599. *See, e.g., Gonzalez*, 545 U.S. 524.

*Martel v. Clair*, 132 S.Ct. 1276, 1286 (2012) (unanimous), recognizes the necessity for substitution when the initial counsel has "developed a conflict with or abandoned the client." As set forth in the Notice By Friends, appointed attorneys Butts and Horwitz clearly developed a conflict. (Doc. 62 at 14-18).

On May 27, 2014 the Court re-docketed Doc. 62 as a Motion for Appointment. On July 10, 2014, after briefing and having implicitly found that it possessed jurisdiction over the substitution question raised therein, the Court denied "the Motion to Appoint Counsel"

---

[7] In addition to being a member of the Missouri bar in uninterrupted good standing since her admission in 2004, Ms. Merrigan has been admitted to practice in this Court since March 13, 2007.

and ruled that conflicted counsel, Messrs. Eric Butts and Phil Horwitz, "shall continue to represent petitioner." (Doc. 78).

On August 5, 2014, the Court's Friends presented the §3599 substitution issue a second time. Specifically, to ensure the preservation of the issue, Ms. Merrigan (undersigned) and Mr. Perkovich, still appearing as "Friends of the Court in Behalf of Mark, A. Christeson," filed a Motion for Substitution of Counsel. (Doc. 80). That Motion for Substitution expressly incorporated the record resulting from the aforementioned Notice By Friends, (Doc. 62); the Court's initial order, entered on May 27, 2014, (Doc. 63), directing Mr. Christeson's appointed counsel (Butts and Horwitz) and Respondent to respond; and the subsequent filings of the various parties (Docs. 64 through 77), culminating in the aforementioned July 10, 2014 order (Doc. 78).

A petitioner, while represented by counsel appointed under 18 U.S.C. §3599 has the standing himself to move his district court for substitution in order to replace his appointed counsel for cognizable reasons such as a conflict of interest. *See, e.g., Clair*, 132 S.Ct. at 1281. Mr. Christeson's profound mental limitations explain his utter lack of understanding of the proceedings in this Court since their initiation by a Missouri Public Defender's filing on May 14, 2004 of a nominally *pro se* motion in his behalf seeking the appointment of Butts and Horwitz pursuant to *McFarland v. Scott*, 512 U.S. 849, 854-55 (1994). (Doc. 3).

Also on August 5, 2014, undersigned counsel filed her entry of appearance in this Court for the limited purpose of appealing the July 10, 2014 order. (Doc. 81). Undersigned set forth that her appearance in this Court on behalf of Mr. Christeson pursuant to a limited retention agreement as expressly provided under Missouri Professional Conduct Rule 4-1.2(c). (*Id.* n.1). Additionally, petitioner qualifies for such limited representation under

7

Professional Conduct Rule 4-1.2(b)(2) because she is representing Mr. Christeson through the Saint Louis University School of Law, an accredited law school. *See Id.*( "(d) The requirement of a writing signed by the client does not apply to . . .(2) *pro bono* services provided through a nonprofit organization, a court-annexed program, a bar association, or an accredited law school.").

Upon entering her appearance, undersigned timely noticed the appeal from the July 10, 2014 on behalf of Mr. Christeson on August 11, 2014. (Doc. 83). The Court of Appeals docketed the appeal on August 12, 2014. (Doc. 85). On August 18, 2014, a week after jurisdiction over the aspects of the case in question in the July 10, 2014 order was conferred to the Court of Appeals by Mr. Christeson's Notice of Appeal (Doc. 83), the Court entered an order denying for lack of jurisdiction the August 5, 2014 Motion for Substitution (Doc. 80), and also undersigned counsel's August 5, 2014 Entry of Appearance (Doc. 81). (Doc 86). The Court had "construed [the Entry of Appearance] as a motion for leave to appear as counsel" and thus a filing that could be subject to denial as opposed to a mere entry of appearance. But undersigned counsel's entry of appearance does not require leave of the Court, as she is duly admitted in the Western District of Missouri and Mr. Christeson's right to be represented by a qualified attorney "who is willing to represent the [petitioner] even though he is without funds" applies in this context. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (Scalia, J.), quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989). *Gonzalez-Lopez* explained that an erroneous disqualification of counsel from appearing as the defendant's trial counsel violated his Sixth Amendment right to counsel of his choice and required the reversal of the conviction as structural error. Mr. Christeson's need for counsel to protect his interests at this juncture, one that Congress

8

recognizes warrants a federal statutory right to counsel, surely cannot be subject to a district court's granting leave when the chosen counsel is willing to represent the petitioner without the promise of any payment and is admitted and able to appear in the given proceedings.

### B. Proceedings In The Circuit Court Of Appeals

In the Court of Appeals, under Appellate Case 14-2896, Respondent moved to dismiss the appeal on August 15, 2014, raising three grounds in as many paragraphs. Mr. Christeson timely responded on August 25, 2014. On September 8, 2014, the Court of Appeals *sua sponte* directed the parties "to address whether Jennifer Merrigan and Joseph Perkovich have standing to appeal." Mr. Christeson timely filed the ordered briefing on September 18, 2014. The following day, the Missouri Supreme Court entered its order setting Mr. Christeson's execution for October 29, 2014. Respondent/Appellee filed his ordered briefing on September 29, 2014. Mr. Christeson moved for leave to reply supplying supports in authorities in reply on October 1, 2014. At the instruction of the clerk, Mr. Christeson refiled, lodging a discrete motion for leave and a separate reply brief of four pages on October 3, 2014. On October 8, 2014, the Court of Appeals granted leave and filed the reply. On October 14, 2014, Mr. Christeson moved in the Court of Appeals for a remand to the District Court for an evidentiary hearing based on several declarations obtained from inmates familiar with Mr. Christeson. Also on October 14, Mr. Christeson moved for leave to file *ex parte* supplemental argument relating to conflicted counsels' *ex parte* filings in this Court made after the Missouri Supreme Court had set Mr. Christeson's execution date by its order of September 19, 2014.

On October 15, 2014, the Court of Appeals dismissed Mr. Christeson's appeal from this Court's July 10, 2014 order (Doc. 78), stating, in its entirety, in an unsigned order

entered by the Clerk of the Court: "The court orders that this appeal be dismissed for lack of jurisdiction because attorneys Merrigan and Perkovich lacked standing in the district court. The motions by Merrigan and Perkovich for remand and for leave to file an ex parte supplemental argument are denied as moot." (Dismissal, No. 14-2896, Oct. 15, 2014).

As stated above, Ms. Merrigan now enters her appearance as *pro bono* counsel for Mark Christeson for the limited purpose of representing him in his fight to obtain conflict free appointed counsel, hereby curing any procedural defect found by the Eighth Circuit.

## III. NEW EVIDENCE CONCERNING MR. CHRISTESON'S CAPACITY TO UNDERSTAND AND PROTECT HIS LEGAL INTERESTS FURTHER WARRANTS AN EVIDENTIARY HEARING

As undersigned counsel has demonstrated in various pleadings in front of this Court and in the Court of Appeals, Mr. Christeson is profoundly impaired. *See* Docs 62, 64, 77; Case No. 14-2896, Eighth Circuit, 10/14/2014 Motion to Remand for Evidentiary Hearing. Counsel also moved the Court of Appeals to consider the materials outlined in the *ex parte* filing of Butts and Horwitz requesting certain expert services. As discussed in these pleadings, school records reflect achievement testing scores in the single digit percentiles, reaching as low as the first percentile. Mr. Christeson was in Special Education classes throughout school and still received primarily failing grades. Mr. Christeson's childhood history is replete with sexual and physical abuse and trauma. Fellow prisoners have attested to his inability to understand legal matters and to communicate and recall information relating to his case as well as his difficulty in accessing legal assistance and isolation within the prison.

Additionally, new evidence demonstrates that in November 2000, Mr. Christeson was attacked by two prisoners and sustained serious head injuries. According to prison records, Mr.

Christeson sustained contusions to his forehead above his left eye and the right side of his head and lacerations to his let eyebrow which required stitches. Exh. 1 at 7. He also sustained multiple lacerations to his mouth and inner lips. *Id.* At some point during the attack, he lost consciousness. Mr. Chriesteson was admitted to the infirmary and placed on 24-hour observation. He was then transferred to protective custody, for his own safety, where he remained indefinitely lasting at least 18 months.[8]

The prisoners who assaulted him were charged internally and sanctioned with one year in disciplinary segregation or "The Hole." "Inmates Offer Their Condolences to the Brouk Family: Currently Serving One Year in "the Hole" for Assaulting Christeson," *Maries County Gazette*, April 4, 2001. According to the prison's own policies, this length of a sentence was indicative of how serious the assault was. Placement in disciplinary segregation is normally "short-term." *See* MO DOC Handbook[9]. Assault is a Class I infraction and, according to prison policy, carries up to 30 days in segregation. *See* MO DOC Offender Rule Book.[10]

Though the prisoners who assaulted Mr. Christeson could have been prosecuted of a Class B felony (*Id*.), they were not. Instead their actions were met with acceptance and implicit affirmation on the part of prison officials. *See*"Inmates Publicize Retribution on Children's Killer," *The Southeast Missourian*, April 17, 2001[11] (According to MO DOC spokesperson, Tim

---

[8] According to the prison's handbook, "A Protective Custody Unit is housing that provides separation of offenders from the general population of the facility. If an offender can provide information which verifies the need for separation from other offenders, or if staff has reason to believe the offender's safety may be jeopardized, the offender may be housed in a Protective Custody Unit."
[9] Available at https://doc.mo.gov/Documents/FFWeb.pdf
[10] Available at http://doc.mo.gov/Documents/offender-rulebook-9-12-14.pdf
[11] Available at
*http://news.google.com/newspapers?nid=1893&dat=20010417&id=8IsvAAAAIBAJ&sjid=otwFAAAAIBAJ&pg=3553,6570728*

Kneist,"It's not an unusual occurrence to have a fight in a maximum-security prison…The unusual part of the story is to write a letter to the newspaper and tell everybody they did this…I read that and I just kind of shook my head. There's something new every week."). According to newspapers, a prison guard tipped the offenders off about Mr. Christeson's crime, prompting the severe beating. *See* "Prison Justice Takes a Pretty Nasty Turn," *The Southeast Missourian*, April 24, 2001 .[12] In April 2001, after the Maries County Gazette ran an article about Mr. Christeson's appeal, the two men sent copies of their disciplinary paperwork and letters to the editor, bragging about what they had done to Mr. Christeson.

Mr. Christeson should obtain discovery, time and resources for investigation, and the neuropsychological evaluation that this Court had authorized in 2004 but appointed counsel failed ever to carry out. Conflict-free substitution counsel would then prove at an evidentiary hearing that (1) Mr. Christeson's appointed lawyers, Messrs. Butts and Horwitz, abjectly failed to meet the standard of care when they abandoned him and then defrauded him over the course of many years, effectively suppressing his access to the federal courts, and (2) due to severe cognitive impairments Mr. Christeson was unable to understand and protect his own rights.

## IV. CONCLUSION

For the foregoing reasons, Mr. Christeson requests the Court to order the substitution of the currently appointed counsel, Messrs. Butts and Horwitz, by available and qualified conflict-free counsel. Mr. Christeson further requests that the Court direct Messrs. Butts and Horwitz to preserve all documents and communications related to their representation of Mr. Christeson and turn over, in their entirety, their files concerning their representation of Mr.

---

[12] Available at:
http://news.google.com/newspapers?nid=1893&dat=20010424&id=9osvAAAAIBAJ&sjid=otwFAAAAIBAJ&pg=1933,7460359

Christeson since the period leading up to the May 14, 2004 motion for their appointment. Mr. Christeson further requests the Court set a date not later than ninety (90) days in the future for substitution counsel to file a motion pursuant to Federal Rule 60(b).

     Finally, Mr. Christeson requests a stay of his execution set for October 29, 2014 at 12:01 AM so that substitution counsel can have a meaningful opportunity to act on Mr. Christeson's behalf in relation to his dismissed federal habeas corpus application.

                                  Respectfully submitted,

                                  s/Jennifer A. Merrigan
                                  Jennifer A. Merrigan, MO Bar #56733
                                  Adjunct Assistant Professor of Law
                                  Saint Louis University School of Law

                                  PO Box 63928
                                  Philadelphia Pa 19147
                                  jenmerrigan@gmail.com

                                  Counsel for Petitioner, Mark A. Christeson

October 21, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Stephen D. Hawke
Assistant Attorney General
P.O. Box 899
Jefferson City, Missouri 65102

Eric W. Butts
Attorney for Appellant
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101

Philip M. Horwitz
Attorney for Appellant
640 Cepi Drive, Suite A
Chesterfield, Missouri 63005

                                                s/ Jennifer Merrigan
                                                JENNIFER MERRIGAN