# IN THE CIRCUIT COURT OF VERNON COUNTY
## STATE OF MISSOURI

F I L E D

APR 2 3 2003

CIRCUIT COURT - VERNON CO. MO.

MARK A. CHRISTESEN, )
)
        Movant, )
)
     v. )      Case No. 01CV673904
)
STATE OF MISSOURI, )
)
        Respondent. )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND JUDGEMENT

This matter comes before this Court on an Amended Motion to Vacate, Set Aside, or

Correct the Judgment and Sentence filed on behalf of movant by counsel.

Now on this _23rd_ day of _April_ 2003, this Court, the Honorable C. David Darnold

presiding, having considered the Movant's Amended Motion and having listened to the testimony,

reviewed the files, records and trial transcript of this case, enters the following findings of fact and

conclusions of law and judgment as is required by Rule 29.15(j):

## PROCEDURAL HISTORY

On November 15, 2001, the movant filed his pro se motion to vacate pursuant to Rule

29.15. On November 26, 2001, the Supreme Court of Missouri issued an Order assigning this

Court to hear the motion. On December 11, 2001, the Court appointed the Public Defender's

Office as counsel for movant. On March 12, 2002, the movant filed his Amended Rule 29.15

motion. On April 8, 2002, the movant filed a Motion to Disqualify, which was heard by the

Court on April 10, 2002, and overruled on May 13, 2002. The movant seeks to set aside his

convictions for three counts of murder in the first degree, Section 565.020, RSMo. He was

_772_

sentenced to death on each of the three counts on October 8, 1999. His conviction was affirmed

by the Missouri Supreme Court on June 26, 2001. State v. Christesen, 50 S.W.3d 251 (Mo banc

2001).

## FACTS OF MOVANT'"S CASE

The underlying facts giving rise to movant's convictions are summarized as follows:

Movant and his cousin, Jesse Carter, lived in the home of their relative, David Bolin, in a rural

area near Vichy, Missouri (Tr. 845-47, 963-64). Movant and Mr. Carter were unhappy there because

Mr. Bolin monitored their phone calls and made them work on the property (Tr. 1033, 1403).

Susan Brouk, the thirty-four year-old mother of Adrian Brouk, age twelve, and Kyle Brouk,

age nine, lived in a home about a half-mile away from Mr. Bolin's home (Tr. 794-95, 841). Movant

thought Ms. Brouk was a "bitch" because she had made him get off her property a couple of times

(Tr. 965-66). On Saturday, January 31, 1998, movant and Mr. Carter talked about running away (Tr.

965). Movant said he would rape Ms. Brouk and steal her Bronco, and then he and Mr. Carter would

drive to Blythe, California, a small town in the desert (Tr. 965-66, 1238).

The next morning, Sunday, February 1, 1998, after Mr. Bolin left for work at 10:45 a.m.,

movant and Mr. Carter each took a shotgun and went to Ms. Brouk's house (Tr. 847, 966-67).

Movant and Mr. Carter entered Ms. Brouk's living room, and Mr. Carter tied up the children's hands

with shoelaces (Tr. 970-72). At some point during the confrontation, they hit Kyle and Ms. Brouk

over the head with an object, causing bleeding (Tr. 918, 924, State's Exhibit 36). While Mr. Carter

watched Adrian and Kyle, movant forced Ms. Brouk into Adrian's bedroom at gunpoint (Tr. 970-71,

974-76). Movant raped Ms. Brouk on her daughter's bed (Tr. 975-76, 1070, 1116-17, 1148, 1420).

After about thirty minutes, he brought her back out, and Mr. Carter tied her hands behind her back

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 2 of 171

with a yellow rope (Tr. 910, 975-76, 980, State's Exhibit 22). Ms. Brouk told movant, "You had your fun, now get out." (Tr. 979). Adrian recognized Jesse Carter and said his name, so movant decided to kill all of them (Tr. 979-81). Movant and Mr. Carter put Ms. Brouk and her children into the Bronco, and Mr. Carter watched them while movant took the television, VCR, Nintendo, car stereo, music CDs, Ms. Brouk's checkbook, and Adrian's fishing pole, and loaded them into Ms. Brouk's Bronco (Tr. 982, 1002-1003).

Movant drove the Bronco down the highway, down a gravel road, and drove slowly across a neighbor's field to a pond at the edge of some woods (Tr. 984-85, 1180-81, 1194, 1200-1205, State's Exhibit 1). Movant and Mr. Carter forced Ms. Brouk, Adrian, and Kyle to the bank of the pond, and movant kicked Ms. Brouk so she fell to the ground (Tr. 986-87). Movant took a knife and cut her throat (Tr. 987, State's Exhibit 35). He did not cut her deeply enough to sever her major blood vessels, so she did not immediately die, but lay bleeding heavily on the bank of the pond (Tr. 913-15, 987-88). Ms. Brouk told Adrian and Kyle that she loved them (Tr. 988). Then movant cut Kyle's throat twice, and held him under the murky pond water until he drowned (Tr. 916-17, 919, 990-91, State's Exhibit 39). Mr. Carter pushed Kyle's body into the pond (Tr. 991). While Mr. Carter was getting a cinderblock from a nearby barn, movant fired a shot at Adrian, but only one pellet struck her arm (Tr. 921, 927, 989-92). Mr. Carter held Adrian's feet while movant pressed down on her throat until she suffocated (Tr. 922, 992-93). Mr. Carter pushed Adrian's body into the pond (Tr. 993). Movant and Mr. Carter threw Ms. Brouk, who was still alive but barely breathing, into the pond on top of her children's bodies, where she drowned (Tr. 915, 993-94, State's Exhibits 15-16). Then Mr. Carter got a large stick and pushed their bodies out further into the pond (Tr. 994).

Movant and Mr. Carter returned to Mr. Bolin's house, parked the Bronco by a garbage pile,

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 3 of 171

loaded their personal belongings into an Oldsmobile, drove the Oldsmobile to the Bronco, and loaded their belonging into the Bronco (Tr. 851, 995, 1173-74, 1405-1407). A relative saw them and ran after them, but movant and Mr. Carter drove away (Tr. 999-1000).

When Ms. Brouk and her children did not come to Sunday dinner on the afternoon of February 1, 1998, Ms. Brouk's sister, Kay Hayes, thought it was unusual, but did not begin to worry until Tuesday evening, February 3, 1998, when she called Ms. Brouk's home and there was no answer (Tr. 796-97). That evening Ms. Hayes called another sister, Joy Lemoine, to see if she had heard from Ms. Brouk, and Ms. Lemoine had not (Tr. 806-807). On Wednesday evening, February 4, 1998, several family members and a friend went to Ms. Brouk's house (Tr. 807-808). Inside they found that all three pairs of Ms. Brouk's prescription glasses and the children's and Ms. Brouk's coats were still in the house, and that her television, VCR, and Bronco were gone (Tr. 808-809, 811-12). They called the police, and that night officers secured the home and conducted a limited search around the property (Tr. 839, 897). Officers talked to Mr. Bolin, and found out that movant and Mr. Carter were also gone (Tr. 842-43, 850).

The next morning, officers flew a helicopter over the area, and saw Ms. Brouk's body in the pond (Tr. 864-65, 869). They also found the bodies of Adrian and Kyle in the pond (Tr. 869-70). They investigated the area around the pond and found a shotgun shell, bloody leaves and mud, shoe prints, and two cinder blocks on the bank of the pond, and found tire tracks going from the pond to the garbage pile at the Bolin's (Tr. 872-73, 885).

After the rape and murders, movant and Mr. Carter fled to California (Tr. 999-1013, 1407-11). On the way, they sold and pawned Ms. Brouk's property and one of their shotguns to pay for gas and food (Tr. 1001-1013, 1211-20, 1228-32, 1316-17). They were stopped twice by police, but

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 4 of 171

the Bronco had not yet been reported stolen, so they were not arrested (Tr. 1222, 1233-34, 1272-73). On February 9, 1998, movant and Mr. Carter were arrested in Blythe, California (Tr. 1238-41). Mr. Carter confessed to the murders (Tr. 1289-97). Officers searched the Bronco and found Adrian's fishing pole in the back (Tr. 1278-79, State's Exhibits 68-69).

Autopsies showed that Ms. Brouk could have survived about one hour after movant cut her neck before bleeding to death, but that the actual cause of death was drowning (Tr. 914-15). She and Kyle had both sustained blunt force trauma to the head (Tr. 911, 924, State's Exhibit 36). There were two cuts across Kyle's neck, a 2 ½ inch cut and a 3 ½ inch cut. (Tr. 916-17, State's Exhibit 39). Kyle did not die from the cuts, but died from being drowned (Tr. 917-19). There was a puncture wound in Adrian's left arm, consistent with being hit by a pellet from a shotgun shell (Tr. 921, 926-27, State's Exhibit 44). Adrian died from being suffocated (Tr. 922).

DNA testing established that movant's semen was in Ms. Brouk's vagina and on Adrian's sheets (Tr. 1144-48). The odds of the match happening by chance were one in 1,320,000,000 (Tr. 1148). Firearm testing established that the gun movant had pawned was the gun that fired the shotgun shell found on the banks of the pond (Tr. 1093, 1311-12).

During his case, movant recalled Mary and David Deluca, and an investigator who interviewed them, to question them about seeing the Bronco drive through their property (Tr. 1332, 1334, 1338). Movant called Dr. Patricia Carter, who testified that she interviewed Mr. Carter for a competency hearing on August 18, 1998, and Mr. Carter denied participating in the murders (Tr. 1345, 1347-52). Movant called Dr. Lester Bland, who testified that he interviewed Mr. Carter on December 18, 1998, and Mr. Carter said that he had lied to police about the murders in order to protect his family from the real murderer (Tr. 1358, 1363). Dr. Carter and Dr. Bland both testified

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

that Mr. Carter had no mental disease or defect (Tr. 1354, 1367-68). Movant called criminalist Joe Roberts, who testified that he collected trace evidence from the crime scene (Tr. 1370-74), and then movant called criminalist Will Randall, who testified that he did not do any analysis of the trace evidence because there had been a DNA match (Tr. 1379-80). Movant called latent fingerprint examiner Derese Herndon, who testified that several prints found at Ms. Brouk's home did not match movant, Mr. Carter, Ms. Brouk, Kyle, or Adrian (Tr. 1389).

Movant took the stand and testified that he was secretly in a sexual relationship with Ms. Brouk, and that at about noon on Saturday, January 30, 1998, he had sex with her on Adrian's bed (Tr. 1412-14, 1420). Movant claimed that in the morning of February 1, 1998, Mr. Carter stole Ms. Brouk's Bronco and invited movant to run away with him, and movant did not mind the fact that the car was stolen from Ms. Brouk because he only cared about running away (Tr. 1403-1408). Movant said that the fresh shell found at the pond must have come from him hunting in that area, but he could not remember shooting the gun in that area, nor explain how the shell came to be so near the bodies (Tr. 1414).

In rebuttal, the state called Misty Bolin, who testified that movant took his shotgun with him when he left the house on the morning of February 1, 1998 (Tr. 1441).

At the close of the guilt phase evidence, instructions, and arguments of counsel, the jury found movant guilty of all three counts of murder in the first degree (Tr. 1511).

During penalty phase, the prosecutor called Mike Wagner, who testified that in February and March of 1999, he shared a cell with movant, and about four days before Mr. Wagner was released from jail, movant passed him a note that said movant would have someone wait outside of the 3M plant where Mr. Wagner's father worked if Mr. Wagner did not do what movant said (Tr. 1547-49).

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Movant hung blankets from the bunk above his so that no one could see into his bed (Tr. 1550). He told Mr. Wagner to come onto his bed and play cards with him, and then movant forced Mr. Wagner to perform oral sex on him (Tr. 1549, 1551). On two other occasions, movant sodomized Mr. Wagner by putting his penis into Mr. Wagner's anus (Tr. 1552). Mr. Wagner only complied because he feared for his father's safety (Tr. 1552, 1554). Mr. Wagner was released from jail, but did not immediately tell anyone about the sodomy because he was afraid for his father (Tr. 1554). Mr. Wagner eventually told his mother, who had noticed blood in his underwear ever since he came back from jail and had seen his rectum bleeding two days after his release, and she took him to Dr. John Loney, who found a tear in Mr. Wagner's rectum (Tr. 1554, 1564-65, 1567, 1585). The prosecutor called cell-mate Robert Milner, who testified that on two nights, he woke up hearing voices coming from movant's bunk, saw something bumping the blankets, and saw that movant and Mr. Wagner were in movant's bed (Tr. 1572-74).

The prosecutor called Ms. Brouk's younger sister, Joy Lemoine, to give victim impact testimony (Tr. 1589-95).

Movant called another cell-mate, Bobby Johnson, who testified that he never saw movant with blankets around his bed, and testified that Mr. Wagner would give his medication to the other inmates (Tr. 1598). Movant called his mother, Linda Christesen, who testified that she rejected movant because he was the product of adultery (Tr. 1607-1609). Movant called his brother, Billy Christesen, who testified about his mother's treatment of movant and the circumstances of his father's death (Tr. 1627-34). Movant called his aunt, Edna Belcher, who testified that Ms. Christesen wanted to have many boyfriends after her husband died, and that movant was withdrawn after his father died (Tr. 1640, 1643). Movant called his former girlfriend, Laura Shaw, who testified that Mr. Bolin would

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 7 of 171

not let movant go on unchaperoned dates, and that movant had talked to her about wanting to run away to California (Tr. 1647-48). Movant called Dr. Wanda Draper, who testified that movant had several unresolved, traumatic experiences from his childhood (Tr. 1668-74).

At the close of the penalty phase evidence, instructions, and arguments of counsel, the jury found four aggravating circumstances for the murder of Ms. Brouk; that the murder was committed during the unlawful homicide of Adrian, that the murder was committed during the unlawful homicide of Kyle, that the murder was committed during the perpetration of rape, and that the murder involved depravity of mind and was therefore outrageously and wantonly vile, horrible, and inhumane because Ms. Brouk was bound or otherwise rendered helpless by movant, and movant thereby exhibited a callous disregard for all human life (Tr. 1726-27). The jury found three aggravating circumstances for the murder of Adrian; that the murder was committed during the unlawful homicide of Ms. Brouk, that the murder was committed during the unlawful homicide of Kyle, and that the murder involved depravity of mind and was therefore outrageously and wantonly vile, horrible, and inhumane because movant killed Adrian as part of his plan to kill more than one person, and movant thereby exhibited a callous disregard for all human life (Tr. 1728). The jury found three aggravating circumstances for the murder of Kyle; that the murder was committed during the unlawful homicide of Ms. Brouk, that the murder was committed during the unlawful homicide of Adrian, and that the murder involved depravity of mind and was therefore outrageously and wantonly vile, horrible, and inhumane because movant killed Kyle as part of his plan to kill more than one person, and movant thereby exhibited a callous disregard for all human life (Tr. 1729). The jury assessed punishment at death for each count of murder in the first degree (Tr. 1726-28). At the sentencing hearing on October 8, 1999, the court imposed punishment in accordance with the jury verdicts (Tr. 1735, 1750-51).

-8-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

# APPLICABLE LAW

As a preliminary matter, in order to be entitled to an evidentiary hearing, a movant must 1) cite facts, not conclusions, which, if true, would entitle movant to relief; 2) the factual allegations must not be refuted by the record; and 3) the matters complained of must prejudice the movant. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992).

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient." *Id.*, 466 U.S. at 687. "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all of the circumstances." *Id.*, 466 U.S. at 688. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Prejudice is not presumed from a showing of deficient performance of counsel but must be affirmatively proven. *State v. Stepter*, 794 S.W.2d 649, 654 (Mo. banc 1990). On a post-conviction motion, the movant bears the burden of proving his claims by a preponderance of the evidence. *Archer v. State*, 931 S.W.2d 473, 476 (Mo. App., S.D. 1996). Moreover, "Missouri is a fact pleading state. Rule 29.15 is consistent with that regime." *State v. Harris*, 870 S.W.2d 798, 815 (Mo. banc 1994), *cert. denied* 513 U.S. 953 (1993).

## 8(A)

In Section 8(A) of his motion, movant raises various claims regarding allegations of ineffective assistance of counsel based on counsel's conduct during the voir dire and jury selection

780

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

process.

**8(A)(I)(1)**  In 8(A)(I)(1), movant claims that he received ineffective assistance of counsel based upon his counsel's failure to object to the Missouri Approved Instruction, MAI-CR3d 302.04, read during voir dire, which defines "reasonable doubt". The Missouri Supreme Court has routinely denied all claims challenging the reasonable doubt instruction, and, in fact, has upheld sanctions against an attorney who raised this claim in combination with other meritless claims. *State v. Simmons*, 955 S.W.2d 752, (Mo. banc 1997), *cert. denied* 522 U.S. 1129 (1998). Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d 373, 380 (Mo. banc 1997), *cert. denied* 522 U.S. 871 (1997). This claim is denied.

**8(A)(I)(2)**  In 8(A)(I)(2), movant claims that he received ineffective assistance of counsel based upon his counsel's failure to object to the special prosecutor's statement that the local prosecutor "is a well-trained and experienced prosecutor. Murder is, however, unusual in Vienna, Missouri, so he has wisely asked for our help" (Tr. 41–42). When questioned about her failure to object to this statement, trial counsel stated that she had no reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d 670, 678 (Mo. App., E.D. 1993).

Moreover, movant has not demonstrated any prejudice that resulted from this statement. In reviewing an almost identical claim to the one movant now complains of on direct appeal, the Missouri Supreme Court found that the statement, "does not imply any personal opinions about [movant's] case; rather it suggested that the local prosecutor was inexperienced." *State v. Christeson*, 50 S.W.2d at 265. Although the Supreme Court's finding that this was not plain error does not foreclose the possibility that a motion court can find *Strickland* prejudice, the Court has clarified that "this theoretical difference between [plain error review and *Strickland* prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d 418, 428 (Mo. banc 2002). Movant has not shown that this was one of those rare cases where the two standards of review diverge. Additionally, there is no reasonable probability that the result of movant's trial would have been different had counsel objected to this statement. In fact, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d 753, 768 (Mo. banc 1996), *cert. denied* 519 U.S. 933 (1996). Movant was not prejudiced. This claim is denied.

**8(A)(I)(3)** In 8(A)(I)(3), movant alleges that counsel was ineffective for failing to object to MAI-CR3d 300.03, which instructs the jurors that a capital case is tried in two stages. At the

-11-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

evidentiary hearing, trial counsel testified that she had no reason for not objecting to this instruction. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d 670, 678 (Mo. App., E.D. 1993). This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. Movant's allegations that he was prejudiced because this failure to object did not take into account the possibility of a finding of second degree murder fails as at his trial, movant asserted his innocence and did not agree that he was guilty of a lesser included offense (See closing argument in guilt phase, Tr. 1475-96). As this instruction read to the jury was the Missouri Approved Instruction, any objection would have been meritless. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

8(A)(I)(4) In 8(A)(I)(4), movant claims that he received ineffective assistance based upon his

-12-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 12 of 171-DW

counsel's failure to object to various statements by the prosecutor that a capital trial is tried in two stages, and that the jurors must find movant guilty of murder in the first degree before moving onto the penalty phase. When questioned about this claim at the evidentiary hearing, trial counsel stated on occasion that she did not find some of the statements objectionable and that on other occasions she did not have a reason for not objecting. This Court finds her statements that she did not have a reason for not objecting to not be credible. Additionally, the Court notes that counsel's earlier testimony that these statements were not objectionable to be accurate. The statements complained of by movant where, in short, nothing more than the State explaining the logistics of a capital trial. Trial counsel did not act unreasonably.

Moreover, movant was not prejudiced. There is no reasonable probability that the result of movant's trial would have been different had counsel objected to this statement. Movant's allegations that he was prejudiced because this failure to object did not take into account the possibility of a finding of second degree murder fails as at his trial, movant asserted his innocence and did not agree that he was guilty of a lesser included offense (See closing argument in guilt phase, Tr. 1475-96). It is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Movant was not prejudiced. This claim is denied.

8(A)(I)(5) In 8(A)(I)(5), movant alleges that counsel was ineffective for failing to object to the prosecutor's usage of the "hallway" or "doorway" analogy to describe the jury's role in the guilt and penalty phases. At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's

-13-

784

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The hallway/doorway analogy is frequently used by prosecutors in explaining the process of a capital trial to jurors who have no experience with capital jury trials. Thus, any objection would have been meritless. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

8(A)(I)(6) In 8(A)(I)(6), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to object to the prosecutor's statement that the Legislature has passed and the governor has signed into law, a series of aggravating incidents, factors or circumstances. At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any

-14-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes

that she was well prepared and a zealous and active advocate for movant. It is not credible that

Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it

credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions

that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich

continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not

required to believe the testimony of any witness even if that testimony is uncontradicted. *State v.*

*Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not

objecting.

Likewise, movant has not shown that he was prejudiced. In reviewing an almost identical

claim to the one movant now complains of on direct appeal, the Missouri Supreme Court found

that the statement, "in no way suggested, as [movant] argues, that the governor had decided that

the aggravators applied to his case." *State v. Christesen*, 50 S.W.2d at 265. Although the

Supreme Court's finding that this was not plain error does not foreclose the possibility that a

motion court can find *Strickland* prejudice, the Court has clarified that "this theoretical difference

between [plain error review and *Strickland* prejudice] will seldom cause a court to grant post-

conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not

outcome determinative on direct appeal will also fail to meet the *Strickland* test." *Deck v. State*,

68 S.W.3d 418, 428 (Mo. banc 2002). Movant has not shown that this was one of those rare

cases where the two standards of review diverge. Additionally, the statement complained of by

movant was proper, and therefore, any objection would have been meritless. Trial counsel's

failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v.*

786

*Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

8(A)(I)(7) In (8)(A)(I)(7), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to object to numerous statements by the prosecutor that he would be asking for the death penalty in the case as the appropriate penalty. At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The statement complained of by movant was proper, and was a an attempt by the prosecutor to explain to the venire panel that the death penalty was an issue in this case. Any objection to either of the two statements movant now complains of would have been meritless. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

787

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

**8(A)(I)(8)** In (8)(A)(I)(8), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to object to the statements by the prosecutor that movant claims lowered the burden of proof. At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The statements complained of by movant were taken out of their context. Read in their proper context, however, it is clear that the prosecutor was not trying to lower the State's burden by arguing that aggravating circumstances do not have to be proved beyond a reasonable doubt. What the prosecutor was explaining was that how aggravating and mitigating circumstances are to be weighed. Even had counsel objected to those statements and had such an objection been sustained, there is no reasonable probability that the outcome of movant's trial would have been any different. This

788

claim is denied.

**8(A)(I)(9)** In 8(A)(I)(9), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to object to the prosecutor's statement that, "Should you give the death penalty of should you give life imprisonment without eligibility for probation or parole? You understand that when you make that decision, whichever it may be, that decision must be unanimous" (TR. 70). At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to this statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The statement complained of by movant was not telling the venire members that they had to unanimously agree on mitigators. Rather, the statement was informing the venire that to impose the death penalty they would have to unanimously decide upon such punishment. This is a correct statement of the law in this State,

-18-   789

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

_State v. Thompson_, — SW3d —, No. SC83661 (Mo. banc August 27, 2002); _Section 565.030.4,_

_RSMo 2000_, and thus, any objection would have been meritless. Trial counsel's failure to make a

meritless objection is not grounds for an ineffective assistance claim. _State v. Sutherland_, 939

S.W.2d at 380. Movant was not prejudiced. This claim is denied.

**8(A)(I)(10)** In 8(A)(I)(10), movant alleges that he received ineffective assistance based upon his

counsel's failure to object to the statement to the jurors that "you wait until you reach the final

point of decision before making a final decision on punishment" (Tr. 70). At the evidentiary

hearing, trial counsel testified that she had no reason for not objecting to this statement. This

Court expressly finds that the witness was not credible when she repeatedly stated that she

doesn't have a reason for not objecting. The Court's observations was that she was very quick to

assert she had no reason and was prepared to make that response without any reflection on the

events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was

well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich

gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms.

Leftwich asserted that she was aware of no legal significance to her assertions that she had "no

reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an

advocate for movant by claiming to be ineffective. This Court, however, is not required to believe

the testimony of any witness even if that testimony is uncontradicted. _State v. Williams_, 861

S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The statement complained of by

movant does not misstate the law as movant argues. Rather, the statement was an attempt by the

prosecutor to explain that the decision of which sentence to impose upon movant is not made

-19-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

until the end of the proceedings and admonishing the jurors that they were not to decide this weighty issue until the proper time. This statement was not objectionable, and thus, any objection would have been meritless. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

**8(A)(I)(11)**  In 8(A)(I)(11), movant alleges that he received ineffective assistance based upon counsel's failure to object to the prosecutor's questions to the venire regarding whether the could "vote" for the death penalty. At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The statement complained of by movant does not seek a commitment from the jurors about whether they *would* vote for the death

-20-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

penalty. Rather, the question was designed to separate those members of the venire who could never impose a death sentence, as is the proper function of death qualification. This statement did not prejudice movant. This claim is denied.

8(A)(I)(12) In 8(A)(I)(12), movant alleges that he received ineffective assistance based upon his counsel's failure to object to the statement by the prosecutor that movant alleges shifted the burden of proving mitigating circumstances to the defense. At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. In reviewing an almost identical claim to the one movant now complains of on direct appeal, the Missouri Supreme Court found that:

... a review of the record shows that, in context, ... these statements were

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

legitimate attempts to explain the mechanics of a trial process and the role of the

jury in assessing evidence presented by the state or by the defendant.

*State v. Christesen*, 50 S.W.2d at 265. Although the Supreme Court's finding that this was not

error does not foreclose the possibility that a motion court can find *Strickland* prejudice, the

Court has clarified that "this theoretical difference between [plain error review and *Strickland*

prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on

direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will

also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d 418, 428 (Mo. banc 2002).

Movant has not shown that this was one of those rare cases where the two standards of review

diverge. Additionally, the statements complained of by movant were not an improper attempt to

shift the burden, but rather were an attempt to explain to the venire members the concepts of

aggravating and mitigating circumstances. There is no reasonable probability that the result of

movant's trial would have been different had counsel objected. Movant was not prejudiced. This

claim is denied.

**8(A)(I)(13)** In 8(A)(I)(13), movant alleges that he received ineffective assistance based upon

counsel's failure to object to the prosecutor's statement that he does not have to ask for the death

penalty (Tr. 12), but that was his intention to do so (Tr. 256). At the evidentiary hearing, trial

counsel testified that she had no reason for not objecting to these statements. This Court

expressly finds that the witness was not credible when she repeatedly stated that she doesn't have

a reason for not objecting. The Court's observations was that she was very quick to assert she

had no reason and was prepared to make that response without any reflection on the events that

occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared

793

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no

thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms.

Leftwich asserted that she was aware of no legal significance to her assertions that she had "no

reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an

advocate for movant by claiming to be ineffective. This Court, however, is not required to believe

the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861

S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The statements complained of

by movant were not an improper usage of special or personal knowledge by the prosecutor. In

fact, the statements were a way of introducing the venire members to the fact that the State would

be seeking the death penalty. There is no reasonable probability that has trial counsel objected to

these statements, that the result of movant's trial would have been different. Movant was not

prejudiced. This claim is denied.

**8(A)(I)(14)** In 8(A)(I)(14), movant alleges that he received ineffective assistance based upon his

counsel's failure to object to the prosecutor's statement that, "And in that second trial, you are no

longer concerned with whether the defendant is guilty or not guilty; you will have established

that" (Tr. 257). At the evidentiary hearing, trial counsel testified that she had no reason for not

objecting to these statements. This Court expressly finds that the witness was not credible when

she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations

was that she was very quick to assert she had no reason and was prepared to make that response

without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at

trial and notes that she was well prepared and a zealous and active advocate for movant. It is not

794

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. In reviewing an almost identical claim to the one movant now complains of on direct appeal, the Missouri Supreme Court found that:

> Taken in context, however, the prosecutor's remark was merely an explanation to the jury that in the punishment phase they were to decide punishment, having already determined guilt in the guilt phase. [Movant] has not shown that the prosecutor misstated the law.

*State v. Christeson*, 50 S.W.2d at 265. Although the Supreme Court's finding that this was not error does not foreclose the possibility that a motion court can find *Strickland* prejudice, the Court has clarified that "this theoretical difference between [plain error review and *Strickland* prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d 418, 428 (Mo. banc 2002). Movant has not shown that this was one of those rare cases where the two standards of review diverge. Additionally, this Court notes that there is no reasonable probability that the result of

*795*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant's trial would have been different has counsel objected. Movant was not prejudiced. This claim is denied.

**8(A)(I)(15)** In 8(A)(I)(15), movant alleges that he received ineffective assistance based upon his counsel's failure to object to the prosecutor's statement "that aggravating circumstances are 'special circumstances,' and '[y]ou can have murder in the first degree–that is, the deliberate killing of a human being - without the death penalty being an issue because these factors are not present. Okay?" (Tr. 258). At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. In fact, these statements were nothing more than an accurate explanation of the law by the prosecutor. This statement was not objectionable, and thus, any objection would have been meritless. Trial counsel's failure to make

-25-

796

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

**8(A)(I)(16)** In 8(A)(I)(16), movant alleges that he received ineffective assistance based upon his counsel's failure to object to the prosecutor's statement during voir dire that first degree murder is "the deliberate killing of a human being" (Tr. 258). At the evidentiary hearing, trial counsel testified that she had no reason for not objecting to these statements. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not objecting.

Likewise, movant has not shown that he was prejudiced. The prosecutor's statement was nothing more than a restatement of Section 565.020, which defines first degree murder as "knowingly [causing] the death of another person after deliberation upon the matter." As the prosecutor's statement tracks the statutory definition, any objection would have been overruled. Moreover, as frequent objections irritate the jury and highlight the statements complained of, an

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 26 of 171

objection may have resulted in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Movant was not prejudiced. This claim is denied.

**8(A)(I)(17)** In 8(A)(I)(17), movant alleges that he received ineffective assistance based upon his counsel's failure to object to the prosecutor's statements about "reasonable doubt." While prosecutors are allowed to discuss the concept of reasonable doubt with the juries and the venire members, the prosecutor is not allowed to define reasonable doubt for the jury or venire. *Galindo v. State*, 30 S.W.3d 900, 903 (Mo. App., E.D. 2000). Movant, however, has not shown that he was prejudiced by his trial counsel's failure to object. For movant to prevail, there has to be a reasonable probability that, but for his trial counsel's failure to object to the questioned remarks, he would not have been convicted. *Id*. Here the jury was instructed by the trial court on the correct standard.

Likewise, a "mere failure to object to objectionable evidence or argument does not establish ineffective assistance of counsel" *Id*. at 904. "Rather, the failure to object constitutes ineffective assistance of counsel only where the comment was of such a character that it resulted in a substantial deprivation of the accused's right to a fair trial." *Id*. With the evidence presented at trial and the fact that the jury was properly instructed upon the definition of "reasonable doubt," this Court cannot say there is a reasonable probability that, but for counsel's failure to object to the prosecutor's brief remarks, movant would not have been convicted. This claim is denied.

**8(A)(I)(18)** In 8(A)(I)(18), movant alleges that he received ineffective assistance based upon his counsel's failure to object to the prosecutor's statement that "the jury's only role in guilt phase is to determine whether the defendant is 'guilty or not guilty' of the charges against him." This

-27- 798

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

claim is meritless in that the function of the guilt phase is, as it's name implies, to determine the guilt of the accused. This statement did not ignore the possibility of a lesser included offense as the jury would still be presented with the choice of "guilty or not guilty" on the lesser included offense as well. Furthermore, the trial strategy was to assert innocence of the crimes and not to seek a lesser penalty. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

**8(A)(I)(19)** In 8(A)(I)(19), movant alleges that he received ineffective assistance based upon his counsel's failure to object to the statement by the prosecutor "Are there any of you who would believe the laws of the State of Missouri should apply to the person who is 19 years old [at] the time of the crimes with any greater of lesser force simply because of his age." At the evidentiary hearing, trial counsel testified that he wanted to hear the venire member's answer to this question as well. As the venire member's answer to this question could not be gleaned from their questionnaires, the only avenue from which trial counsel could delve into the venire member's feelings on young defendants was to allow the question. It is readily apparent that trial counsel had strategic reasons for not objecting to this question. Trial strategy is not a basis for finding ineffective assistance of counsel. *State v. Bucklew*, 38 S.W.3d at 397. This claim is denied.

8(A)(II)

In 8(A)(II), movant raises additional allegations of ineffective assistance of counsel in regards to counsel's performance during voir dire and jury selection.

**8(A)(II)(1)** In 8(A)(II)(1), movant alleges that he received ineffective assistance based upon his counsel's failure to strike juror Ronald Duanne Conner. At the evidentiary hearing, trial counsel

-28-

799

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

McBride testified that he did not recall why Conner was not struck and counsel Leftwich testified that she had no reason for not striking this juror. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting. The Court's observations was that she was ... quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not striking this juror.

Counsel was not ineffective for not striking juror Connor. Connor indicated that he'd have to be convinced that movant committed the crime and that he would have "to hear it all, you know, four sure that he is - - you know, there's no doubt in my mind that he did it" (Tr. 106). Connor's answers indicate that he would hold the State to a higher standard than that which is required. This response indicates that Connor would not automatically impose death. As juror Connor would not have ben stricken for cause, trial counsel did not act unreasonably. This claim is denied.

**8(A)(II)(2)** In 8(A)(II)(2), movant claims that he received ineffective assistance of counsel based upon counsel's failure to strike, either for cause or peremptory, jurors Paula A. Brown Thurston,

-29-

*800*

Virgil Caldwell and James Norris as they had heard about the case prior to the trial. At the evidentiary hearing, trial counsel testified that she did not strike these jurors because all they knew about the case was that it was a murder case. Trial counsel did not act unreasonably in not striking these jurors as a review of the records and transcripts indicate that they could be fair and impartial. Juror Norris indicated that he did not recall any of the facts of the newspaper article (Tr. 450), Juror Brown-Thurston indicated that she had only heard that the voir dire was for a murder trial (Tr. 86), and juror Caldwell had heard that the trial was a murder trial (Tr. 354-55). These jurors would not have been striken for cause. Trial counsel did not act unreasonably.

Likewise, movant did not receive ineffective assistance of appellate counsel based upon appellate counsel's decision to not raise this issue on appeal. In order to show ineffective assistance of appellate counsel, the movant must show (1) that the actions of the appellate attorney were outside the wide range of professionally competent assistance; (2) that the errors were so severe that counsel was not functioning as counsel guaranteed by the constitution; (3) that counsel's deficient performance resulted in prejudice. *Franklin v. State*, 24 S.W.3d 686, 690-91 (Mo. banc 2000), *cert. denied* 531 U.S. 951 (2000). In addition, strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Id*. at 691. Here, the movant has not proven that any such strong grounds exist or that any of these "plain error claims," which were not specifically pled in the amended motion, were so obvious as to require reversal. This claim is denied.

**8(A)(II)(3)** In 8(A)(II)(3), movant alleges that he received ineffective assistance based upon his

*801*

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 30 of 171

counsel's statements that they would not get to the penalty phase unless the jury found movant guilty of murder in the first degree. At the evidentiary hearing, trial counsel testified that she distinguishes penalty phase from sentencing in her mind and that these statements were meant to inform the venire members that movant might not be found guilty of murder in the first degree. Trial counsel clearly had strategic reasons for making this statement, and thus did not act unreasonable. Trial strategy is not a basis for finding ineffective assistance of counsel. *State v. Bucklew*, 38 S.W.3d at 397.

Likewise, movant was not prejudiced as, contrary to his claim, this statement did not ignore the possibility of a finding of second degree murder. In fact, in the statements following the one movant now complains of, trial counsel stated that she was not conceding guilt (Tr. 179, 295). Movant was not prejudiced. Movant also claims that trial counsel was ineffective for failing to ask the venire members whether they would be able to give full and fair consideration to lesser included offenses. Movant's defense at trial, however, was that he was innocent of the homicides altogether and not that while he may have taken part in the murders, he did not have the requisite mental state. Movant has not shown that he was prejudiced by his counsel's actions. This claim is denied.

8(A)(II)(4) In 8(A)(II)(4), movant alleges that he received ineffective assistance based upon his counsel's statement that the "Legislature had set out" statutory aggravating circumstances. This claim is essentially a rehash of 8(A)(I)(6). Likewise, it should be noted that in reviewing a similar claim to the one movant now complains of on direct appeal, the Missouri Supreme Court found that the statement, "in no way suggested, as [movant] argues, that the [governmental body] had decided that the aggravators applied to his case." *State v. Christesen*, 50 S.W.2d at 265.

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Although the Supreme Court's finding that this was not plain error does not foreclose the possibility that a motion court can find *Strickland* prejudice, the Court has clarified that "this theoretical difference between [plain error review and *Strickland* prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d 418, 428 (Mo. banc 2002). Movant has not shown that this was one of those rare cases where the two standards of review diverge. Additionally, the statement complained of by movant was proper, and therefore, any objection would have been meritless. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

**8(A)(II)(5)** In 8(A)(II)(5), movant alleges that he received ineffective assistance based upon his counsel's failure "to adequately and effectively define mitigating circumstances". At the evidentiary hearing, trial counsel testified that she had no reason for the explanation she gave of mitigating circumstances to the venire panel. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms.

-32-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW    Document 101-1    Filed 10/22/14    Page 32 of 171

Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in the explanation she provided of mitigating circumstances.

Likewise, movant was not prejudiced. During closing argument in the penalty phase, counsel argued the negative aspects of mitigating circumstances, such as the abuse and neglect movant endured as a child (Tr. 1718). Thus, the jurors were informed of the negative aspects of movant's life. Movant was not prejudiced. This claim is denied.

8(A)(II)(6) In 8(A)(II)(6), movant alleges that trial counsel was ineffective for failing to move to strike the venire panel which heard venire person Tipling's statement that "life without parole ... really doesn't mean anything" (Tr. 310). At the evidentiary hearing, trial counsel testified that she had no reason for not moving to strike this panel. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not moving to strike the panel. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds

-33-   *804*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

that counsel did not act unreasonably in not moving to strike this panel.

Neither was counsel ineffective for failing to request that jurors be instructed that inmates sentenced to life without the possibility of parole are not eligible for probation or parole. Movant has not shown that such a request would be granted or that the jurors sitting on this panel had trouble understanding that the very words "life without the possibility" means what the movant would not ever be eligible for probation or parole. Likewise, movant was not prejudiced by counsel not requesting that the entire panel be stricken. As can be seen from a review of the entire exchange involving this juror, no statements were made that would taint or poison the panel. This claim is denied.

8(A)(II)(7) In 8(A)(II)(7), movant alleges that his counsel was ineffective for endorsing the prosecutor's "hallway" or "doorway" analogy (Tr. 317). This claim is essentially a rehash of the claim raised in 8(A)(I)(5). At the evidentiary hearing, trial counsel testified that she had no reason for using those analogies during voir dire. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is

-34- 805

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in using the hallway or doorway analogy.

Likewise, movant was not prejudiced. The hallway/doorway analogy is frequently used by prosecutors in explaining the process of a capital trial to jurors who have no experience with capital jury trials. Thus, any objection would have been meritless. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Movant was not prejudiced. This claim is denied.

**8(A)(II)(8)** In 8(A)(II)8, movant alleges that his counsel was ineffective for failing to strike the venire panel which heard venire member Cowen's remarks that he would favor death over life imprisonment, and his reasoning for his opinion. At the evidentiary hearing, trial counsel testified she did not have a reason for not moving to strike the panel. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not moving to strike the panel. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not moving to strike this panel.

806

Likewise, movant has not shown that he was prejudiced. Each of the jurors who sat on this venire panel stated that they could consider both punishments of life imprisonment and the death penalty. Movant has not proven that a move to strike the venire panel would have been granted. This claim is denied.

8(A)(II)(9) In 8(A)(II)(9), movant alleges that his counsel was ineffective for failing to strike the venire panel which heard venire person Cooke's question about whether Missouri executes people by lethal injection and the prosecutor's response that it does (Tr. 464). At the evidentiary hearing, trial counsel testified she did not have a reason for not moving to strike the panel or not objecting to the prosecutor's response. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not moving to strike the panel. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court finds that counsel did not act unreasonably in not moving to strike this panel or not objecting to the prosecutor's statement. Likewise, movant has not shown that he was prejudiced. A review of the exchange between venireperson Cooke and the prosecutor reveals that the venire panel was

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

informed about how serious of a duty serving on a capital jury was (Tr. 465) and that this venire member stated that the decision to impose death would not be easy for her (Tr. 484). Additionally, juror Norris, who was on this venire panel, stated that he could vote for life imprisonment (Tr. 470). Movant was not prejudiced. This claim is denied.

**8(A)(II)(10)**   In 8(A)(II)(10), movant alleges that his trial counsel was ineffective for failing to strike juror Frankie Joy Jeffries, who stated that she knew two of the state's penalty phase witnesses (Tr. 652-54). During voir dire, juror Jeffries stated that she knew two of the state's witnesses, but that she would be able to judge the witnesses' testimony and credibility the same as any other witness (Tr. 653-54). At the evidentiary hearing, trial counsel testified that she did not move to strike this juror because counsel felt the juror had been rehabilitated. Based upon the juror's responses, the record indicates that this juror had been rehabilitated. To prove ineffectiveness, movant must show that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. at 687. Here, trial counsel made a reasonable and competent decision to not strike this juror.

Nor has movant shown that he was prejudiced by his counsel's actions. Considering that this juror would not have been stricken for cause, there is no reasonable probability that the result of movant's trial would have been different had counsel moved to strike this juror. Movant was not prejudiced. This claim is denied.

**8(A)(II)(11)**   In 8(A)(II)(11), movant alleges that his counsel was ineffective for failing to strike jurors Frankie Jeffries and James Norris about their connection to the 3M corporation and whether they knew the father of state's penalty phase witness Mike Wagner's father, who was also employed at 3M. At the evidentiary hearing, trial counsel testified that he did not recall the

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

reason that these jurors knew Mr. Wagner's father. In any event, movant has not shown that this claim has any merit in that he did not provide any evidence that these jurors know Mr. Wagner's father. Allegations contained in a post conviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant failed to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d 361, 365 (Mo. App., E.D. 1992). This claim is denied.

**8(A)(II)(12)**  In 8(A)(II)(12), movant alleges that his counsel was ineffective for failing to question all the jurors about whether they were discussing the case prior to the conclusion of the evidence. At the evidentiary hearing, trial counsel McBride testified that did not know why he didn't ask to voir dire the rest of the jury, and counsel Leftwich testified that she had no reason for not requesting that the jurors be individually questioned. In movant's direct appeal, the Missouri Supreme Court addressed this issue as whether the trial court abused its discretion in overruling movant's request for a mistrial. There Supreme Court found that:

> Although the colloquy, taken as a whole, allows for speculation that the jury was
> indeed discussing the evidence, the court was entitled to believe the juror's
> unequivocal assertions that the jury was not discussing the evidence. Even if the
> jury was curious about the windows of the Bronco, [movant] has not cited a single
> Missouri case holding that juror curiosity regarding an item of physical evidence,
> evidence that was indisputably in the [movant's] possession constitutes
> deliberation of the facts and juror misconduct. There was no abuse of discretion.

*State v. Christesen*, 50 S.W.3d at 268. Just as there was no abuse of discretion, movant was also not prejudiced. The juror emphatically stated that her and her fellow jurors were not discussing

-38-  *8 09*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

the case prior to submission. Questioning the jurors about this issue would have only brought the matter to the attention of jurors who may not have been aware of the issue. The movant was not prejudiced.

Movant has also failed to sustain his burden to show that the jurors were involved in improper discussions and was, in fact, prejudiced as a result of trial counsel's alleged ineffectiveness. The Court record reflects that movant did subpoena at least one of the jurors, but did not call them at the evidentiary hearing. An adverse inference is available from that decision. Moreover, the testimony of the jurors were necessary in order for this Court to conclude that movant's claim has any merit. Movant did not sustain his burden. This claim is denied.

## 8(B)

In Section 8(B) of his amended motion, movant raises numerous claims regarding ineffective assistance of counsel based upon counsel's failure to object to various evidence and statements during guilt phase. As a preliminary matter:

Decisions concerning whether on when to make objections at trial are left to the judgment of counsel. Ineffective assistance is not to be determined by a post-trial academic determination that counsel could have successfully objected to evidence in a given number of instances. The failure to object to objectionable evidence does not establish ineffective assistance of counsel unless the evidence resulted in a substantial deprivation of the [accused's] rights to a fair trial. Counsel's failure to object to particular evidence can constitute mere 'trial error' not arising to constitutional proportions and thus not cognizable in a post-conviction motion.

-39-

$8/0$

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

*State v. Colbert*, 949 S.W.2d 932, 940-41 (Mo. App., W.D. 1997) (citations omitted).

**8(B)(1)**   In 8(B)(1), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's request to the Court that the victim's sister sit in on the proceeds "until we reach phase two" (Tr. 799). At the evidentiary hearing, trial counsel testified that he did not know why he did not object but that he believed the victim's sister was entitled to sit in on the proceedings. This Court finds that the trial counsel did not believe that an objection would be successful. Counsel did not fail to act as a reasonably competent attorney.

Nor was movant prejudiced. There is no reasonable probability that the result of movant's trial would have been different had trial counsel objected to this statement. In fact, an objection may have only served to highlight the statement to the jurors. Movant has not shown that he was prejudiced. This claim is denied.

**8(B)(2)**   In 8(B)(2), movant alleges that his trial counsel was ineffective for failing to object to movant's family being excluded from the courtroom during guilt phase while the victim's family was allowed to sit in on the proceedings. At the evidentiary hearing, trial counsel testified that he did not know the reason why he did not object to this, but that he believed that the movant's family who were not going to be called as witnesses in movant's trial were present in the courtroom at various times. As victims have the right to present in judicial proceedings concerning their loss, and movant's family was not excluded unless they fell under the rule on witnesses, this Court finds that any such objection on these grounds would not be successful. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Trial counsel did not act unreasonably, and the movant was not prejudiced. This claim is denied.

8/11

**8(B)(3)**   In 8(B)(3), movant alleges that his counsel was ineffective for failing to object to the prosecutor's questions to Deputy Walker, and his responses, that Joy Lemoine had pointed out various things in the victim's trailer that Lemoine thought were odd, such as eyeglasses and tennis shoes being left in there (Tr. 838).  At the evidentiary hearing, trial counsel testified that he did not know why he did not object at that point.  This Court notes, that Mr. McBride did, just a few lines later make an objection as to what Joy Lemoine had stated to the officer, an objection which was sustained (Tr. 838).  Thus, a review of the record reveals that trial counsel was attentive to this testimony and, upon realizing that an objection was necessary, made such an objection.  Trial counsel did not act outside the wide range of competent representation.

Moreover, movant has not shown that he was prejudiced by this testimony.  Considering the overwhelming evidence of movant's guilt, this Court cannot say that an objection as to the officer's reasons for his later investigation would have resulted in a different outcome at movant's trial.  Movant was not prejudiced.  This claim is denied.

**8(B)(4)**   In 8(B)(4), movant alleges that his trial counsel was ineffective for failing to timely object to and state reasons for the objection when the prosecutor asked Deputy Walker whether he had "some concern" that the information given to him by David Bolin might lead to "some particular suspects of be related in some way to the Brouk disappearance" and that Walker expressed his concern to his superiors (Tr. 843).  At the evidentiary hearing, trial counsel testified that he did not know the reason why he did not object at that point.  This Court, however, finds that trial counsel did object.  A review of the transcript page in question reveals that the prosecutor asked Deputy Walker whether the information from David Bolin was concerning the Brouk disappearance (Tr. 842).  Trial counsel objected to this question on the grounds of hearsay,

-41-    *812*

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 41 of 171

and this Court sustained that objection but allowed the officer to testify about what action he took (Tr. 843). The questions and responses following this objection were proper and thus, and objection would not have been sustained. In fact, trial counsel's objection, coming shortly after these responses was overruled (Tr. 843). As the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Movant has not shown that trial counsel acted outside the wide range of competent assistance. Trial counsel did not act unreasonably. Nor was movant prejudiced. In support for his theory of prejudice, movant alleges that because of counsel's failure to timely object and state reasons for objection, this matter may not have been properly preserved for appeal. The Missouri Court of Appeals, however, has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d 828, 831 (Mo. App., W.D. 1997). Movant has not shown that he was prejudiced. Additionally, movant's claim that his appellate counsel rendered ineffective assistance of counsel for failing to raise this claim in movant's direct appeal also fails. In order to show ineffective assistance of appellate counsel, the movant must show (1) that the actions of the appellate attorney were outside the wide range of professionally competent assistance; (2) that the errors were so severe that counsel was not functioning as counsel guaranteed by the constitution; (3) that counsel's deficient performance resulted in prejudice. *Franklin v. State*, 24 S.W.3d 686, 690-91 (Mo. banc 2000), *cert. denied* 531 U.S. 951 (2000). In addition, strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have

-42-  873

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

recognized and asserted it. *Id.* at 691. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(B)(5)** In 8(B)(5), movant alleges that his counsel was ineffective for failing to object to Doctor Dix's testimony that Susan Brouk could have survived her neck wound for "minutes, half an hour, hour or more" (Tr. 914). At the evidentiary hearing, trial counsel testified that he doesn't know why he did not object. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.*

Moreover, movant has not shown that he was prejudiced. Had trial counsel objected, this would have only highlighted the testimony of the pain that Susan Brouk endured prior to her death. *Id.* Movant was not prejudiced. This claim is denied.

**8(B)(6)** In 8(B)(6), movant alleges that his counsel was ineffective for failing to object to the admission of Dr. Dix's autopsy reports (Exhibits 33, 37, and 40) on the grounds of hearsay (Tr. 912, 918, 921). At the evidentiary hearing, trial counsel testified that he did not know why he did not make a hearsay objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.*

Nor was movant prejudiced. In support for his theory of prejudice, movant alleges that because of counsel's failure to timely object and state reasons for objection, this matter may not have been properly preserved for appeal. The Missouri Court of Appeals, however, has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not

-43-  $814$

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 43 of 171

cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Likewise, movant was not prejudiced as the information contained in the autopsy reports had already been admitted into evidence. Movant has not shown that he was prejudiced.

Additionally, movant's claim that his appellate counsel rendered ineffective assistance of counsel for failing to raise this claim in movant's direct appeal also fails. In order to show ineffective assistance of appellate counsel, the movant must show (1) that the actions of the appellate attorney were outside the wide range of professionally competent assistance; (2) that the errors were so severe that counsel was not functioning as counsel guaranteed by the constitution; (3) that counsel's deficient performance resulted in prejudice. *Franklin v. State*, 24 S.W.3d at 690-91. In addition, strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Id.* at 691. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. The admission of autopsy records are proper under the business record exception to the hearsay rule. *State v. Weaver*, 912 S.W.2d 499, 517 (Mo. banc 1995), *cert. denied* 519 U.S. 856 (1996). This matter would not have been successful had it been raised on appeal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(B)(7)** In 8(B)(7), movant alleges that his counsel was ineffective for failing to object to "When the prosecutor had Dr. Dix repeat his testimony about the manner, circumstances and cause of death of the victims." At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in

-44-    8/5

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

_Rickey v. State_, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." _Id_. Movant has not shown that counsel acted unreasonably in not objecting. In any event, after a review of Dr. Dix's testimony, this Court finds that this claim is meritless. Dr. Dix's testimony contained in transcript pages 923-27 were not a repeat of the prior testimony as the latter testimony was utilized in conjunction with various exhibits used by the State detailing the wounds of the victims. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. _State v. Sutherland_, 939 S.W.2d at 380. This claim is denied.

**8(B)(8)** In 8(B)(8), movant alleges that his trial counsel was ineffective for failing to object to Jesse Carter's testimony that Adrian Brouk recognized Carter and knew his name. At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in _Rickey v. State_, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." _Id_. Movant has not shown that counsel acted unreasonably in not objecting. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt, it is highly unlikely that movant would have received a different result at his trial had counsel objected to this statement. Moreover, any objection might have only highlighted the statement to the jurors. _Id_. Nor has movant shown how this testimony that one of the victim's recognized Jesse Carter made it more likely that the jury would convict movant. Movant was not prejudiced. This claim is denied.

**8(B)(9)** In 8(B)(9), movant alleges that his trial counsel was ineffective for failing to object to the testimony that prior to her death, Susan Brouk told her children that she loved them (Tr. 988).

-45-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that counsel acted unreasonably in not objecting. Nor has movant shown that he was prejudiced. Any objection to this statement would have only highlighted it to the jurors. *Id*. There is no reasonable probability that the result of movant's trial would have been different had counsel objected to this statement. This claim is denied.

8(B)(10)   In 8(B)(10), movant alleges that his trial counsel was ineffective for failing to object "when the prosecutor asked questions which had Jesse Carter repeat his testimony about how the murders occurred" (Tr. 1016-17). At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that counsel acted unreasonably in not objecting. As movant admits in his amended motion, trial counsel did object to this testimony as leading. This objection was overruled (Tr. 1016). There is no reason to think that any other objection would have been any more successful. Trial counsel did not act unreasonably. Nor has movant shown that he was prejudiced. In support for his theory of prejudice, movant alleges that because of counsel's failure to timely object and state reasons for objection, this matter may not have been properly preserved for appeal. The Missouri Court of Appeals, however, has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction

8/7

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

action. *State v. Thompson*, 955 S.W.2d at 831. Likewise, on direct appeal, the Missouri Supreme Court denied a similar claim to that raised here:

> 'Improper bolstering occurs when an out-of-court statement of a witness is offered solely to duplicate or corroborate trial testimony.' ... According to [movant], improper bolstering took place at the conclusion of Carter's direct examination when Carter summarized his testimony. However, this summary did not involve a single out-of-court statement, so not error occurred.

50 S.W.3d at 267. Movant was not prejudiced. This claim is denied.

**8(B)(11)**  In 8(B)(11), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement to Jesse Carter that he was guilty of the murders as well (Tr. 1017). At the evidentiary hearing, trial counsel testified that he had no reason for not objecting to this testimony. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that counsel acted unreasonably in not objecting. Nor has movant shown that he was prejudiced. Movant's claim that this statement implied to the jurors that the prosecutor believed movant to be guilty and movant's claim that this question to Carter implies special knowledge of movant's guilt is meritles. This question to Jesse Carter was based upon the testimony that the jurors had heard regarding Carter's participation in the murders. Movant was not prejudiced. This claim is denied.

**8(B)(12)**  In 8(B)(12), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's question to Jesse Carter about whether the police believed Carter's first

-47-

*8/8*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

responses to the officers. At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that counsel acted unreasonably in not objecting. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability that the result of movant's trial would have been different. Likewise, these questions were asked during the re-direct examination of Carter in response to trial counsel attempt to impeach Cater on cross-examination (Tr. 1043-1063). This claim is denied.

**8(B)(13)** In 8(B)(13), movant alleges that his trial counsel was ineffective for failing to "timely object, properly object and/or preserve in [movant's] New Trial Motion counsel's objection to the prosecutor's question to Jesse Carter whether he had told [the] police 'the truth' when he first talked to them" (Tr. 1064). At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that counsel acted unreasonably in not objecting. Nor has movant shown that he was prejudiced. A review of the testimony in question reveals that counsel did object to this question, and that objection was overruled (Tr. 1064). There is no reason to believe that any other objection would have proven to be any more successful. Likewise, movant's claim that he was prejudiced because counsel failed to include this claim in his motion for new trial also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the

879

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor was appellate counsel ineffective for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(14)** In 8(B)(14), movant alleges that his trial counsel was ineffective for failing to "timely object and/or properly object to the prosecutor's question to Jesse Cart regarding the psychologists, 'And you didn't tell them what really happened, did you?" (Tr. 1065). At the evidentiary hearing, trial counsel testified that he wanted to preserve as many issues as possible for appellate review. A review of the testimony in question reveal that trial counsel objected to this statement (Tr. 1065). There is no reason to believe that an objection on any other grounds would have proven to be any more successful. Trial counsel did not act unreasonably. Nor has movant shown that he was prejudiced. The question movant now complains of was a completely proper question in an attempt by the State to rehabilitate Carter after counsel's cross-examination. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Likewise, movant's claim that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor was appellate counsel ineffective for not raising this claim on appeal. Strong grounds must be

-49-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(15)** In 8(B)(15), movant alleges that his counsel was ineffective for failing to object to the prosecutor's questioning of Jesse Carter on re-direct examination about whether Carter had left the Brouk residence unlocked and about a key getting stuck in the door (Tr. 1066-67). At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant contends that this was a contested matter at trial. This Court has reviewed the transcript pages referenced by the movant and concludes that while there may have been some testimony about whether there was a key left in the door at any time, this matter was not a contested issue at trial (Tr. 819, 830-31). Moreover, in light of the overwhelming evidence of movant's guilt, evidence of whether there was or was not a key left in the door would not have any impact on the jury's verdict. Movant has not proven that he was prejudiced. This claim is denied.

**8(B)(16)** In 8(B)(16), movant alleges that his trial counsel was ineffective for failing to object to the testimony of Jesse Carter on the grounds that he was incompetent to testify due to mental disorders and state all grounds for objection (Tr. 1100). This Court finds this claim is completely without merit. A review of the pretrial proceedings in movant's underlying criminal case reveal

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW
Case 4:04-cv-08004-DW    Document 101-1    Filed 10/22/14    Page 50 of 171

that trial counsel zealously and vigorously argued their position that Carter was incompetent to testify as a witness (Tr. 2-8). In fact, trial counsel specifically addressed the issue now raised by movant by arguing that:

> Now, while the evaluators who rendered their opinions pursuant to a Chapter 552 examination determined that he was in fact competent to stand trial, I do not believe that sufficiently addresses whether he is competent at this time to be a witness.

(Tr. 2). Movant has not shown that Carter was incompetent to testify. Assuming the truth of movant's claims that Carter hears voices in his head and sees people who are not there, that goes to the weight of his testimony and not the admissibility. Likewise, an objection to Carter's testimony who have only emphasized to the jury that this is testimony that movant did not want them hearing. Likewise, movant's claim that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor was appellate counsel ineffective for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(17)** In 8(B)(17), movant alleges that his trial counsel was ineffective for not objecting to

-51-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

the DNA expert, Carey Maloney's, testimony about the rarity of gene patterns in the general population. Although movant makes the bare assertion that it is improper and prejudicial for a DNA examiner to give a statistical estimate as to how often a gene pattern would be found in the population, movant cites absolutely no authority for this novel claim. Missouri courts have long held that the calculation of population frequencies and statistics "is generally accepted in the scientific community, and that population frequency statistics ... are admissible." *State v. Kinder*, 942. S.W.2d 313, 327 (Mo. banc 1996). Thus, any objection to this testimony would have been meritless and therefore overruled. Trial counsel's failure to make a meritless objection is not grounds for an ineffective assistance claim. *State v. Sutherland*, 939 S.W.2d at 380. Trial counsel did not act unreasonably. This claim is denied.

**8(B)(18)** In 8(B)(18), movant alleges that his trial counsel was ineffective for failing to object when the prosecutor had DNA expert Carey Maloney repeat his testimony about his findings (Tr. 1143-49, 1149-57). At the evidentiary hearing, trial counsel testified that he did not know why he did not make an objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. This Court has reviewed the transcripts pages that movant references in his amended motion and has determined that it is not repetitive, cumulative or bolstering. What is apparent from the testimony is that, due to the complicated and technical nature of the testimony, the prosecutor had the witness explain the overall process and conclusions and then testified, using exhibits relating to the DNA test, as to the manner in which the tests were performed. Movant has not met his burden of showing that

823

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

he was prejudiced. This claim is denied.

**8(B)(19)** In 8(B)(19), movant alleges that his trial counsel was ineffective for failing to properly object to the prosecutor's question to DNA expert Carey Maloney as to the reason why reports are prepared and Maloney's response that reports are prepared so that "the factual results are recorded and, therefore, cannot be swayed later on by a difference of opinion" (Tr. 1130). This statement is not objectionable and merely explains to the jury the reasons why the report is prepared. At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* The record reflects that trial counsel did make an objection to this testimony, an objection which was overruled. There is no reason to believe that an objection based on any other grounds would have proven to be any more successful. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of his guilt, movant cannot credibly argue that the result of his trial would have been different had trial counsel raised the objection movant now claims was necessary to the reason why an expert prepared a report. Likewise, movant's claim that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor was appellate counsel ineffective for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required

8 24

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(20)** In 8(B)(20), movant alleges that his counsel was ineffective for failing to object to the prosecutor's question to Robert Christesen , and his response, as to what Jesse Carter told him about the stuff he was taking out of their house (Tr. 1174). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of his guilt, movant cannot credibly argue that the result of his trial would have been different had trial counsel raised an objection to Robert Christesen's testimony about what Jesse Carter was taking out of the house and where those items were going. As the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. This claim is denied.

**8(B)(21)** In 8(B)(21), movant alleges that his trial counsel was ineffective for failing to object to Mary Jo Deluca's testimony that she connected the Bronco she had seen to the murders when she saw the Bronco discussed on the television news (Tr. 1189). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52

S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during

trial does not establish lack of competent performance." *Id*. Movant has not shown that his trial

counsel acted unreasonably. Nor has movant shown that he was prejudiced. In light of the

overwhelming evidence of movant's guilt, there is no reasonable probability that movant would

have had a different result at his trial had counsel objected to the connection the witness made

between the newscast and the Bronco she had seen. Likewise, this did not reference matters

outside the record, nor did in imply any special knowledge of movant's guilt. This statement was

only used to inform the juror's about why she contacted the police. Movant was not prejudiced.

This claim is denied.

**8(B)(22)** In 8(B)(22), movant alleges that his trial counsel was ineffective for failing to object to

Joe Daniels' testimony because it corroborated other testimony already given at trial. At the

evidentiary hearing, trial counsel testified that he did not know why he did not make the objection

movant now claims was warranted. As the Missouri Court of Appeals, Western District found in

*Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course

of action during trial does not establish lack of competent performance." *Id*. Movant has not

shown that his trial counsel acted unreasonably. Moreover, this claim is meritless. Movant cites

no cases for the novel proposition that the State cannot call witnesses who will testify and

corroborate other facts already in evidence. As movant admits, his trial counsel did object to this

testimony on the grounds of hearsay (Tr. 1214-15). Movant's claim that counsel should have

objected throughout this testimony in order to properly preserve it for appeal also fails. The

Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the

-55- $826$

Exhibit A

Christeson v. Roper

No. 4:04-CV-8004-DW

movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor was appellate counsel ineffective for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(23)** In (8)(B)(23), movant alleges that his trial counsel was ineffective for failing to object to the testimony from Jimmy Lowe about seeing a law enforcement flyer indicating the movant was wanted by authorities in Missouri (Tr. 1238-39). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. The exchange between the prosecutor and this witness was not hearsay, did not reference matters outside the record, and did not imply special knowledge. In fact, the only knowledge it implied—that the movant was wanted in this State—was provided to the jury. In light of the overwhelming evidence of movant's guilt, there is not reasonable probability that he would have had a different result at trial had counsel objected to this testimony. Furthermore, this testimony was used in order to show why law enforcement officials took further investigatory steps towards movant's arrest and explain the course of events. Any objection to this evidence would have been

827

overruled. Movant was not prejudiced. This claim is denied.

**8(B)(24)** In 8(B)(24), movant alleges that his trial counsel was ineffective for failing to object to Officer Roark's testimony on the grounds that it was hearsay, duplication, improper corroboration, and improper bolstering (Tr. 1290-97). This Court has reviewed the testimony in question and concludes that this claim is meritless. A review of the record reveals that trial counsel made numerous objections, on many different grounds, including objections for narrative response, hearsay, improper bolstering and calling for a conclusion, during this testimony. Movant has not shown that trial counsel acted unreasonably. Nor was movant prejudiced. As the record indicates, trial counsel made various and numerous objections to Roark's testimony. Any further objections may have caused harm to movant. As the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Additionally, movant was not denied effective assistance of appellate counsel for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(25)** In 8(B)(25), movant alleges that his trial counsel was ineffective for failing to object to Officer Roark's testimony that movant alleges allowed the State to "improperly bolster and duplicate other witness's ... version of events..." This claim is essentially a rehash of claim 8(B)(24). In any event, however, this claim is meritless. Movant's real claim is that the State

-57- 828

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

improperly corroborated its prior evidence with the testimony Officer Roark. Movant references

this Court to absolutely no authority that holds that the State can not introduce evidence that

supports its case. Nor has movant shown that he was prejudiced. The record reflects that trial

counsel made numerous objections, on various grounds, during Officer Roark's testimony. Any

more objections would have only highlighted to the juror's movant's desire for them to not hear

the testimony. Likewise, it should be noted that in reviewing a similar claim to the one movant

now complains of on direct appeal, the Missouri Supreme Court found that the trial court did not

plainly err in admitting Roark's testimony as the testimony was not improper bolstering:

> [Movant] contends that by eliciting testimony from Sgt. Roark after Carter
>
> testified that recounted Carter's out-of-court statements, the prosecution guided
>
> the jury by repetition into deciding his guilt and penalty. However, defense
>
> counsel's cross-examination of Carter, and of other witnesses, tended to show that
>
> Carter made contradictory statements and that he may have fabricated his
>
> testimony in exchange for a plea agreement. In this situation, Sgt. Roark's
>
> testimony was properly admitted as a prior consistent statement.

*State v. Christesen*, 50 S.W.2d at 267. Although the Supreme Court's finding that this was not

plain error does not foreclose the possibility that a motion court can find *Strickland* prejudice, the

Court has clarified that "this theoretical difference between [plain error review and *Strickland*

prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on

direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will

also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d 418, 428 (Mo. banc 2002).

Movant has not shown that this was one of those rare cases where the two standards of review

-58-   829

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

diverge. This claim is denied.

**8(B)(26)** In 8(B)(26), movant alleges that his trial counsel was ineffective for failing to object to Officer Roark's testimony regarding the tint on the Bronco's windows and whether the tint changed depending upon the lighting (Tr. 1287-88). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. As movant admits in his motion, trial counsel did raise an objection to one of these questions. There is no reason to think that yet another objection raised by defense counsel during this officer's testimony would have aided movant in any way. In fact, based upon the number of objections that were raised during Roark's testimony, further objections might have had the negative effect of causing the jurors to speculate that movant did not want them to hear the testimony. Additionally, movant was not denied effective assistance of appellate counsel for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(27)** In 8(B)(27), movant alleges that his trial counsel was ineffective for failing to object

-59- *830*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

when the prosecutor asked officer Roark about whether he believed Jesse Carter's denial of his involvement in the murders (Tr.1289). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability that the result of movant's trial would have been different had trial counsel objected. Moreover, movant was not prejudiced as the statement from Roark explaining that he did not believe Carter's denial was an explanation for the officer's later investigatory measures. As the question posed by the prosecutor and the witness's response were proper, it is not likely that an objection would have succeeded. This claim is denied.

**8(B)(28)** In 8(B)(28), movant alleges that his trial counsel was ineffective for failing to object to Modeina Holmes's testimony that "she was told that [movant] had pawned CD's" at a pawn shop (Tr. 1313). A review of the transcript reveals that this witness was a law enforcement officer who testified as to evidence that she had seized in regards to the investigation. This claim is meritless. At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he

was prejudiced. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability that the result of movant's trial would have been different had trial counsel objected. Moreover, movant was not prejudiced by the statement from this witness about the CDs she seized in regard to the investigation. As the question posed by the prosecutor and the witness's response were proper, it is not likely that an objection would have succeeded. This claim is denied.

**8(B)(29)** In 8(B)(29), movant alleges that his trial counsel was ineffective for failing to preserve in the new trial motion counsel's objections to Exhibits 53 and 55. At the evidentiary hearing, trial counsel testified that he did not know why he did not take the actions movant now claims were warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In support of his theory of ineffectiveness, movant claims that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals, however, has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced. This claim is denied.

**8(B)(30)** In 8(B)(30), movant alleges that his trial counsel was ineffective for failing to object to all testimony concerning the .12 gauge shotgun, State's Exh. 10. At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objections movant now claims were warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52

-61- $832$

S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Additionally, trial counsel testified that he believed that some action had been taken to keep the exhibit from being admitted. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. As movant admits in his motion, the gun was not connected to the murders. At the evidentiary hearing, movant did not shown how this evidence prejudiced him. Bare allegations are not enough to support a finding of ineffectiveness. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability of a different result had trial counsel objected to all testimony concerning State's Exh. 10. Additionally, movant was not denied effective assistance of appellate counsel for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Movant was not prejudiced. This claim is denied.

**8(B)(31)**   In 8(B)(31), movant alleges that his trial counsel was ineffective for failing to request relief when the court sustained trial counsel's objection to the prosecutor's question to defense investigator Tami Miller about whether she had made proper disclosure to the State (Tr. 1338-40). As the record reflects, trial counsel did object strenuously to these questions, objections which were sustained. Movant has not shown that counsel acted unreasonably in not requesting relief as any such request might have only highlighted the questions to the jurors. Additionally, there is little probability that the trial court would have actually granted a mistrial based on this

-62-   *8 33*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

exchange. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability that movant would have received a different sentence had trial counsel requested any relief. This claim is denied.

**8(B)(32)** In 8(B)(32), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's questions to Dr. Patricia Carter regarding whether she had given Jesse Carter his *Miranda* rights. To this question, Dr. Carter responded that she had not read Jesse Carter those rights, but that she had informed him that anything he said would be included in her report but could not be used against him to determine guilt (Tr. 1355). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability of a different result at movant's trial. Trial counsel vigorously cross-examined Jesse Carter and called Dr. Carter to testify about the different versions that Jesse Carter had told authorities. The jury was presented with ample evidence that Jesse Carter had given inconsistent statements. Additionally, there is no reason to think that any objection made to this exchange would have been sustained. This claim is denied.

**8(B)(33)** In 8(B)(33), movant alleges that his trial counsel was ineffective for failing to object to the State's question to Dr. Lester Bland about his finding that Jesse Carter was capable of assisting in his own trial (Tr. 1368). At the evidentiary hearing, trial counsel testified that he did not know why he did not make the objection movant now claims was warranted. As the Missouri

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's

"inability to remember why he took a specific course of action during trial does not establish lack

of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably.

Nor has movant shown that he was prejudiced. During Dr. Bland's direct examination, defense

counsel examined the witness about the mental problems, such as hearing voices, that plagued

Jesse Carter (Tr. 1361-62). The jury was presented with this evidence and nothing in the record

indicates that they did not assess this evidence in determining Jesse Carter's testimony. As the

State properly attempted to negate the presumption raised by trial counsel regarding Carter's

alleged mental disorders, it is highly unlikely that any objection to the prosecutor's question and

Dr. Bland's response would have been sustained. Moreover, in light of the overwhelming

evidence of movant's guilt, there is no reasonable probability of a different result at movant's trial

had trial counsel objected. This claim is denied.

**8(B)(34)** In 8(B)(34), movant alleges that his trial counsel was ineffective for failing to object to

the prosecutor's questions that movant alleges implied that the prosecutor did not believe

movant's testimony. At the evidentiary hearing, trial counsel Leftwich testified she did not have a

reason for not objecting to these questions by the prosecutor. This Court expressly finds that the

witness was not credible when she repeatedly stated that she doesn't have a reason for not

objecting. The Court's observations was that she was very quick to assert she had no reason and

was prepared to make that response without any reflection on the events that occurred at trial.

The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and

active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to

the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. This Court has reviewed the transcripts in this case and notes that Ms. Leftwich made numerous objections to the prosecutor's questions to the movant. This Court finds that counsel did not act unreasonably in not make any further objections. As the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Movant has not shown that trial counsel acted unreasonably. Nor has movant proven that he was prejudiced. By taking the stand to testify in his own defense, movant was aware that the prosecutor would have an opportunity to cross-examine him. Movant's argument that the prosecutor's questions implied that "the prosecutor did not believe [movant's] testimony" is completely without merit. Likewise, this manner of questioning by the prosecutor was permissible. It is highly unlikely that any objection from trial counsel would have been sustained. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability that there would have been a different result at movant's trial had trial counsel objected. This claim is denied.

**8(B)(35)** In 8(B)(35), movant alleges that his trial counsel was ineffective for failing to state any grounds for the objection to the prosecutor's question to movant regarding whether victim Susan Brouk has told movant to get off her property (Tr. 1415). At the evidentiary hearing, trial counsel Leftwich testified she did not have a reason for not stating grounds to this objection. This Court expressly finds that the witness was not credible when she repeatedly stated that she

-65-    *P 36*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

doesn't have a reason for not stating grounds for the objection. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. A review of the transcript reveals that trial counsel asked to approach the bench in regards to this question. It is a logical inference that she desired to argue this objection there. The trial court, however, overruled her objection without allowing her to approach. As this question by the prosecutor was permissible, movant cannot show that there is a reasonable probability of a different result has counsel stated grounds for the objection. Movant was not prejudiced. This claim is denied.

**8(B)(36)**  In 8(B)(36), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's question to movant regarding whether the first time he admitted that he had ever had sex with Susan Brouk was after he had heard about the DNA results (Tr. 1424). At the evidentiary hearing, trial counsel testified that she did not object to this testimony because movant answered "no" to the question. This was clearly a matter of trial strategy, which does not support a finding of ineffective assistance of counsel. Counsel did not act unreasonably in not objecting.

-66-  P 3 7

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Nor has movant shown that he was prejudiced. As trial counsel acknowledged, movant responded to this question by answering "no". Movant can hardly be deemed to have been prejudiced by a question to which he was able to respond to in a way that supported his theory of defense. This claim is denied.

**8(B)(37)** In 8(B)(37), movant alleges that his trial counsel was ineffective for failing to make a record regarding an alleged improper comment by the prosecutor (Tr. 1424). At the evidentiary hearing, trial counsel Leftwich testified she did not have a reason for not making a record of this alleged improper comment. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Moreover, movant has not shown that he was prejudiced by any alleged comment. In fact, movant has not shown that any such comment was made. The transcript reflects that the neither the trial court nor the court reporter heard the comment. In fact, the record reflects that the jurors most likely did not hear any such comments either (Tr. 1425). In

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

light of the overwhelming evidence of movant's guilt, there is no reasonable probability of a different result at movant's trial had counsel made a record of the alleged improper comment. Movant was not prejudiced. This claim is denied.

**8(B)(38)** In 8(B)(38), movant alleges that his trial counsel was ineffective for failing to object on all grounds to the prosecutor's statement to Jesse Carter about whether he knew that he and movant were "going to get rid of these three people" (Tr. 986). At the evidentiary hearing, trial counsel McBride testified that he does not recall why he did not make all the objections movant now claims were warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* The record reflects that trial counsel did object to this question based upon the grounds that the question was calling for a conclusion and lack of foundation (Tr. 986). This objection was overruled. As this question was proper in order to show deliberation, there is no reason to believe that an objection on other grounds would have proven to be any more successful. Movant has not shown that his trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability, there is no reasonable probability that a different result would have occurred had counsel voiced more grounds for his objection. Movant was not prejudiced. This claim is denied.

**8(B)(39)** In 8(B)(39), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's question to Jesse Carter and Carter's response about whether movant had previously been told by Susan Brouk to get off her property when movant had attempted to introduce himself to her (Tr. 965-66). At the evidentiary hearing, trial counsel testified that he did

ß39

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

not know why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. Evidence that movant had previously been told to leave the victim's property was admissible to show motive. It is highly unlikely that any objection to this statement would have been sustained. As the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Additionally, in light of the overwhelming evidence of movant's guilt, there is no reasonable probability that a different result would have occurred at movant's trial had trial counsel objected to this statement. Movant was not prejudiced. This claim is denied

### 8(C)

In Section 8(C) of his amended motion, movant raises numerous claims regarding ineffective assistance of counsel based upon counsel's failure to object to various evidence and statements during penalty phase. As a preliminary matter:

Decisions concerning whether on when to make objections at trial are left to the judgment of counsel. Ineffective assistance is not to be determined by a post-trial academic determination that counsel could have successfully objected to evidence in a given number of instances. The failure to object to objectionable evidence does not establish ineffective assistance of counsel unless the evidence

-69- *840*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

resulted in a substantial deprivation of the [accused's] rights to a fair trial.

Counsel's failure to object to particular evidence can constitute mere 'trial error' not arising to constitutional proportions and thus not cognizable in a post-conviction motion.

*State v. Colbert*, 949 S.W.2d 932, 940-41 (Mo. App., W.D. 1997) (citations omitted).

8(C)(1)   In 8(C)(1), movant alleges that his trial counsel was ineffective for failing to preserve at trial through proper and timely objections to all penalty phase evidence that movant sodomized Mike Wagner in the Vernon County Jail by objecting to the testimony of Wagner, Anna Boese, Robert Milner, and Dr. John Loney; objecting to all statements and arguments by the State made in their opening statement or closing argument; and objecting to jury instructions Nos. 22, 25, and 28. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not making a record of this alleged improper comment. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. In fact, the

-70-   *f 41*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

evidence movant now claims trial counsel should have objected to was completely admissible as penalty phase evidence. It is well settled that the trial court is vested with broad discretion in determining the admissibility of evidence offered at the penalty stage of a capital trial. *State v. Johns*, 34 S.W.3d 93, 112 (Mo. banc 2000), *cert. denied* 532 U.S. 1012 (2001). As the Supreme Court of Missouri has held:

> A separate punishment phase exists in capital cases to permit the presentation of a wide range of evidence about the defendant's past character and conduct, while avoiding the possibility of placing prejudicial or irrelevant evidence in front of the jury before the determination of guilt or innocence. The purpose of permitting a wide range of evidence at this phase of the trial is to assist the jury in the serious business of determining the appropriate penalty for each individual. ...
>
> Evidence of the defendant's character and conduct is not limited to criminal convictions. We have clearly held that the jury may consider evidence of a defendant's prior unadjudicated criminal conduct in the punishment phase of the trial. Finally, the jury may consider evidence of unadjudicated criminal conduct whether the conduct occurred before or after the offense at issue.

*Id.* (internal citations omitted). Thus, as the evidence of movant's actions in sodomizing Wagner was properly admitted as penalty phase evidence, by making repeated objections to the evidence of the sodomy, trial counsel would have only been drawing further attention to it. Movant has not shown that trial counsel acted unreasonably. Nor has the movant shown that he was prejudiced. As a preliminary matter, this Court notes that movant's claims that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Moreover, in reviewing a similar claim on movant's direct appeal, the Missouri Supreme Court found that:

> The alleged instructional error is based on the trial court's submission of
> Instructions No. 22, 25, and 28, patterned after MAI-CR3d 313.41A. [Movant]
> contends that these instructions permitted the jury to consider the penalty phase
> evidence of sodomy without guidance on how to consider the evidence or what
> weight to give it. However, as this Court has recently held, the instructions
> provide adequate guidance by correctly apprising the jury of the requirements of
> Section 565.032.1, RSMo 1994, which authorizes the submission of so-called
> "non-statutory aggravating circumstances. [Movant] relies on *State v. Debler* ...
> for the proposition that the jury should have been instructed regarding how to
> consider the evidence of his prior unadjudicated bad acts, and what weight to give
> that evidence. *Debler* is not helpful to [movant]. This Court has explained that
> the error in *Debler* was lack of notice to the defendant, not the lack of guidance to
> the jury. The trial court did not err in submitting the pattern instructions.

*State v. Christesen*, 50 S.W.3d at 269-70. Although the Supreme Court's finding that this was not plain error does not foreclose the possibility that a motion court can find *Strickland* prejudice, the Court has clarified that "this theoretical difference between [plain error review and *Strickland* prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d 418, 428 (Mo. banc 2002).

Movant has not shown that this was one of those rare cases where the two standards of review diverge. The evidence was properly admitted and movant has not met his burden of proving that he was, in fact, prejudiced. This claim is denied.

**8(C)(2)** In 8(C)(2), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's request to turn off the cameras as the next witness was an alleged sexual assault victim (Tr. 1545-46). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Moreover, as the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar,* 918 S.W.2d at 768. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In light of the overwhelming evidence of movant's guilt that was presented at his trial, and the evidence of aggravating circumstances, there is no reasonable probability of a different result at

-73-   *844*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant's penalty phase had trial counsel objected to this statement. Movant was not prejudiced. This claim is denied.

**8(C)(3)** In 8(C)(3), movant alleges that his trial counsel was ineffective for failing to object to the exchange that Michael Wagner submitted to being sodomized by movant because movant had threatened Wagner's father (Tr. 1548, 1552, 1554). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Moreover, as the Missouri Supreme Court has found, it is feared that frequent objections irritate the jury and highlight the statements complained of resulting in more harm than good. *State v. Tokar*, 918 S.W.2d at 768. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. As was discussed in these Findings in regards to claim 8(C)(1), the instructions that movant alleges prejudiced him have been approved, and their usage upheld on appeal, by the Supreme Court of Missouri. *State v. Christesen*, 50 S.W.3d at 269-70. Thus, any

-74-   8 45

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

claim that those instructions prejudiced movant is summarily denied. Moreover, movant was not prejudiced about the testimony regarding an alleged threat to Wagner's father. This testimony was relevant to show why the victim of movant's sodomy acquiesced to movant's sexual demand. This testimony was relevant to show the lack of consent and thus, it is highly unlikely that any objection by trial counsel would have been sustained. Additionally, in light of the overwhelming evidence of movant's guilt that was presented at his trial, and the evidence of aggravating circumstances, there is no reasonable probability of a different result at movant's penalty phase had trial counsel objected to this statement. Movant was not prejudiced. This claim is denied.

8(C)(4)  In 8(C)(4), movant alleges that his trial counsel was ineffective for failing to object to the exchange between the prosecutor and Wagner about the medications that Wagner was taking (Tr. 1548). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Movant has not shown that trial counsel

-75-    846

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

acted unreasonably. Nor has movant shown that he was prejudiced. This testimony was relevant to show Wagner's vulnerability and why the victim of movant's sodomy acquiesced to movant's sexual demand. This testimony was relevant to show the lack of consent and thus, it is highly unlikely that any objection by trial counsel would have been sustained. Additionally, in light of the overwhelming evidence of movant's guilt that was presented at his trial, and the evidence of aggravating circumstances, there is no reasonable probability of a different result at movant's penalty phase had trial counsel objected to this statement. Movant was not prejudiced. This claim is denied.

8(C)(5)   In 8(C)(5), movant alleges that his trial counsel was ineffective for failing to request relief when trial counsel's objection to Wagner's testimony that he had been blacking out since he was not taking his medication (Tr. 1549). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not requesting relief. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Movant has not

-76-   847

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. It is highly unlikely that a request for a mistrial would have been granted based on this innocuous statement, and any request to the jurors to disregard the statement would have only served to further highlight the statement. Movant was not prejudiced. This claim is denied.

8(C)(6)  In 8(C)(6), movant alleges that his trial counsel was ineffective for failing to object to the exchange between the prosecutor and Wagner about Wagner's level of education. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. This testimony was relevant to show Wagner's vulnerability and why the victim of movant's sodomy acquiesced to movant's sexual demand. This testimony was relevant to show the lack of consent and thus, and as the objection made by counsel was overruled, it is highly unlikely that any objection, even had it been more timely,

-77-  *f y f*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

would have been sustained. Additionally, in light of the overwhelming evidence of movant's guilt that was presented at his trial, and the evidence of aggravating circumstances, there is no reasonable probability of a different result at movant's penalty phase had trial counsel objected to this statement. Movant's claims that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced. This claim is denied.

8(C)(7)   In 8(C)(7), movant alleges that his trial counsel was ineffective for failing to request relief when the trial court sustained an objection to the prosecutor's statement that Anna Boese was also one of movant's victims (Tr. 1561). As the record reflects, trial counsel did object to this characterization and that objection was sustained (Tr. 1561). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not requesting relief. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe

-78-   *849*

the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. As the record reflects, trial counsel did object to this characterization by the prosecutor, an objection which was sustained. As the granting of a mistrial is a drastic remedy, there is no reason to believe that a request for relief would have been granted. Moreover, any instruction to the jurors to disregard the statement may have only served to highlight the statement to the jury. In light of the overwhelming evidence of movant's guilt that was presented at his trial, and the evidence of aggravating circumstances, there is no reasonable probability of a different result at movant's penalty phase had trial counsel objected to this statement. Movant was not prejudiced. Additionally, movant's claim that counsel was ineffective for failing to object to Anna Boese's testimony on the grounds that it was not authorized under Section 565.030.4 is meritless. As movant quotes in his amended motion, that subsection states that penalty phase evidence "may include, within the discretion of the trial court, evidence concerning the murder victim and the impact of the crime upon the family of the victim *and others*" (emphasis added). The fact that movant was incarcerated due to his triple homicide impacted the lives of Michael Wagner and Anna Boese as well. Thus, Boese's testimony was allowable under § 565.0303.4. Trial counsel did not act unreasonably, and movant was not prejudiced. Likewise, movant was not denied effective assistance of appellate counsel for not raising this claim on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State,* 24 S.W.3d at 91. Here, the movant has not proven that any

-79- 850

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(C)(8)** In 8(C)(8), movant alleges that his trial counsel was ineffective for failing to object to the exchange between the prosecutor and Wagner's mother about the medications that Wagner was taking (Tr. 1548). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. This testimony was relevant to show Wagner's vulnerability and why the victim of movant's sodomy acquiesced to movant's sexual demand. This testimony was relevant to show the lack of consent and thus, it is highly unlikely that any objection by trial counsel would have been sustained. Additionally, in light of the overwhelming evidence of movant's guilt that was presented at his trial, and the evidence of aggravating circumstances, there is no reasonable probability of a different result at

-80-        $\mathcal{FS}/$

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant's penalty phase had trial counsel objected to this statement. Movant was not prejudiced. This claim is denied.

**8(C)(9)**   In 8(C)(9), movant alleges that his trial counsel was ineffective for failing to request relief when the trial court sustained trial counsel's objection to whether Wagner experienced confusion when he was not taking his medication (Tr. 1566). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not requesting relief. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. It is highly unlikely that a request for a mistrial would have been granted based on this innocuous statement, and any request to the jurors to disregard the statement would have only served to further highlight the statement. Movant was not prejudiced. This claim is denied.

**8(C)(10)**   In 8(C)(10), movant alleges that his trial counsel was ineffective for failing to request

-81-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

any relief when the trial court sustained trial counsel's objection to Anna Boese's testimony that Michael Wagner acted more scared in jail as time went on (Tr. 1566). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not requesting relief. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. It is highly unlikely that a request for a mistrial would have been granted based on this innocuous statement, and any request to the jurors to disregard the statement would have only served to further highlight the statement. Movant was not prejudiced. This claim is denied.

**8(C)(11)** In 8(C)(11), movant alleges that his trial counsel was ineffective for failing to object and/or properly object to the prosecutor's question to Robert Milner and his response, that he had heard movant say to another inmate "Of course I did it, but they ain't got shit on me" (Tr. 1576). The record reflects that trial counsel objected to this exchange on the basis of hearsay (Tr. 1576).

$PS3$

That objection was sustained, and the State proceeded to clarify that the statement was a

statement made by the movant. At the evidentiary hearing, trial counsel testified that she had no

other objection, other than the one she had already made, as the statement was one of the movant.

It appears to this Court that trial counsel did raise the appropriate objection, which was sustained.

However, once the prosecutor clarified the question and made it clear that he was referring to

statements made by movant, the statement became admissible. *State v. Abercrombie*, 695 S.W.2d

268, 270 (Mo. App., S.D. 1985) (finding that "statements which tend to incriminate and connect

[the defendant] with the crime charged and which manifest a consciousness of guilt are admissible

as admissions against interest."). Moreover, Milner's admission that he was not sure what the

statement referred to, does not affect it's admissibility, rather is goes to the weight of the

statement. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown

that he was prejudiced. This testimony was relevant to show movant's lack of remorse, and thus

it is highly unlikely that any other objection by trial counsel would have been sustained.

Additionally, in light of the overwhelming evidence of movant's guilt that was presented at his

trial, and the evidence of aggravating circumstances, there is no reasonable probability of a

different result at movant's penalty phase had trial counsel objected to this statement. Movant

was not prejudiced. This Court also finds that movant's claim that the jurors were not properly

instructed on how to consider non-statutory aggravating circumstances to be without merit. As

was discussed in these Findings in regards to claim 8(C)(1), the instructions that were used have

been approved and their usage upheld on appeal, by the Supreme Court of Missouri. *State v.*

*Christesen*, 50 S.W.3d at 269-70. This claim is denied.

**8(C)(12)** In 8(C)(12), movant alleges that his trial counsel was ineffective for failing to timely

*PSY*

object to and/or state all grounds for objection to the prosecutor's use of billing records of Dr. Wanda Draper (Tr. 1675-79). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to this evidence on the basis of confidentiality. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. The record reflects that trial counsel vigorously sought to keep this evidence from being admitted (Tr. 1676-79). Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. As the Court of Appeals, Western District found in *State ex rel. Robinson v. Office of the Attorney General*, 2002 Mo. App., LEXIS 1654 (Mo. App., W.D. No. 60656 Aug. 6, 2002), records such as the one in question here, are "proper evidence pertaining to the bias of the expert retained by the Public Defender." *Id* at *8. Thus, as this evidence was proper impeachment of a hired expert, and thus admissible, movant has not met his burden of showing that he was prejudiced. Likewise, movant was not denied effective assistance of appellate counsel for not raising this claim on appeal. Strong grounds must be

-84-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

### 8(D)

In 8(D) of his amended motion, movant raises numerous claims concerning ineffective assistance of counsel for failing to object and/or preserve for appellate review various statements made by the State during opening and closing arguments.

**8(D)(1)** In 8(D)(1), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that movant had tried to cut the throats of all the victims (Tr. 780). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Movant was not prejudiced. This claim is denied.

**8(D)(2)** In 8(D)(2), movant alleges that his trial counsel was ineffective for failing to object to

-85-

*856*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

the prosecutor's statement that what witnesses Mary Jo and David Deluca saw was consistent with what they knew of movant and Jesse Carter (Tr. 783). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial had trial counsel objected to a factually true statement. Movant was not prejudiced. This claim is denied.

**8(D)(3)** In 8(D)(3), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that the evidence "will be clear and convincing" that the movant and Jesse Carter were responsible for the triple homicide (Tr. 784). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover,

857

the jury was properly instructed, on different occasions, that they must find beyond a reasonable doubt that movant was responsible for the murders. Movant was not prejudiced. This claim is denied.

**8(D)(4)** In 8(D)(4), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statements regarding the difficulty jurors and attorneys encounter in regards to jury instructions (Tr. 1460). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the statement did not inform the jurors that they could ignore the instructions and decide the case on some other basis. Movant was not prejudiced. This claim is denied.

**8(D)(5)** In 8(D)(5), movant alleges that his trial counsel was ineffective for failing to timely object to the prosecutor's statement that he didn't think "any of us believe that" movant was telling the truth about not being near the scene of the murder (Tr. 1462). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

of action during trial does not establish lack of competent performance." *Id*. Movant has not

shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In

order to be prejudiced, the movant must show that there is a reasonable probability of a different

result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of

movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover,

the transcript reflects that trial counsel did object to this statement, and that the objection was

done in as timely manner as possible considering that this statement was made while the

prosecutor was continuing with his closing argument. Additionally, trial counsel was not

ineffective for failing to request relief as it highly unlikely that a request for a mistrial would have

been granted and an instruction to the jury may have only highlighted the prosecutor's argument.

Movant was not prejudiced. This claim is denied.

**8(D)(6)** In 8(D)(6), movant alleges that his trial counsel was ineffective for failing to object to

the prosecutor's argument, which movant asserts, informed the jury that they did not have to find

that movant deliberated in the murders (Tr. 1463-64). At the evidentiary hearing, trial counsel

McBride testified that he did not recall why he did not make the objection movant now claims was

warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52

S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during

trial does not establish lack of competent performance." *Id*. Movant has not shown that trial

counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be

prejudiced, the movant must show that there is a reasonable probability of a different result.

Movant has not shown this, and in light of the overwhelming evidence presented at trial of

movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover,

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

as movant admits, the transcripts show that the prosecutor did properly inform the jury in his closing argument that they would have to find that movant deliberated in the murders (Tr. 1465). Movant was not prejudiced. This claim is denied.

**8(D)(7)** In 8(D)(7), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that movant and Carter deliberated as they were on their way to the victims' residence (Tr. 1464). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. It was reasonable in this case to argue that movant and Carter had deliberated about the murders prior to arriving at the victims' residence. Movant was not prejudiced. This claim is denied.

**8(D)(8)** In 8(D)(8), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that the cause of death of Susan Brouk and her children was first degree murder based upon the manner in which the murders occurred (Tr. 1465-66, 1467, 1468, 1471). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did

-89-

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. It was proper in this case, based on the nature of the murders, for the prosecutor to argue that the cause of death could only be murder in the first degree. Movant was not prejudiced. This claim is denied.

**8(D)(9)**  In 8(D)(9), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument about how long a person can hold their breath under water (Tr. 1465-66). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The prosecutor did not personalize his argument to the jury, but rather argued

-90-  P 6/

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

how the time it took a person to drown was indicative of deliberation of cool reflection. Movant was not prejudiced. This claim is denied.

**8(D)(10)**   In 8(D)(10), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that movant had much to lose since the State was requesting the death penalty and therefore had a motive to lie (Tr. 1468). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. The prosecutor was properly arguing to the jury that, due to the high stakes involved in the case, movant's testimony was not believable. Movant was not prejudiced. This claim is denied.

**8(D)(11)**   In 8(D)(11), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument regarding the fact that Jesse Carter made two statements to the police because the police did not believe the first one he provided to law enforcement (Tr. 1469). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District

Ƒ6∂

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. There was evidence presented at trial that supported the prosecutor's argument that Jesse Carter provided law enforcement two statements. Movant was not prejudiced. This claim is denied.

**8(D)(12)**  In 8(D)(12), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that the murders in this case were pretty "extreme" (Tr. 1713, 1715, 1725). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. In light of the horrific nature of movant's

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

crimes, it was completely proper for the prosecutor to argue that this was an extreme case. Movant was not prejudiced. This claim is denied.

**8(D)(13)**   In 8(D)(13), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument regarding the age of the victims (Tr. 1470). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. This argument was proper for the prosecutor to make and movant was not prejudiced. This claim is denied.

**8(D)(14)**   In 8(D)(14), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that the movant was allowed to sit in the court room and hear the testimony before he testified (Tr. 1469). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. This prosecutor's statement was a proper argument in support of the State's theory that movant was falsifying his testimony. Movant was not prejudiced. This claim is denied.

**8(D)(15)** In 8(D)(15), movant alleges that his trial counsel was ineffective for failing to object throughout the State's argument when the prosecutor argued that movant was lying in his testimony (e.g., Tr. 1469, 1472, 1495, 1721). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. It was proper for the prosecutor to argue the credibility of movant's testimony. Additionally, as movant admits, trial counsel did object to this at one point, and that objection was overruled (Tr. 1472). There is no reason to think that any other objection would

-94- *865*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

have been sustained. Movant was not prejudiced by his trial counsel's actions. Movant has also failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant was not prejudiced by his appellate counsel's actions. This claim is denied.

**8(D)(16)**   In 8(D)(16), movant alleges that his trial counsel was ineffective for failing to properly object to the prosecutor's "hallway" or doorway" analogy (Tr. 1472). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The prosecutor's use of the doorway or hallway analogy is completely proper and often used in capital trials. Movant was not prejudiced by his trial counsel's actions. Movant has also failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 95 of 171

must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant was not prejudiced by his appellate counsel's actions. This claim is denied.

**8(D)(17)** In 8(D)(17), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that the jury should find the movant guilty and "let's go on" (Tr. 1472). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The prosecutor's statement was simply a way of ending the State's guilt phase closing argument. Movant was not prejudiced by his trial counsel's actions. Movant has also failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the

-96-     *86 7*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant was not prejudiced by his appellate counsel's actions. This claim is denied.

**8(D)(18)**   In 8(D)(18), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that the State likes to present the jury with the big picture while the defense likes to "nit-pick on details" (Tr. 1495). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The prosecutor's argument did not imply any improper conduct on behalf of the defense, but rather was his explanation of the methods used in trying cases. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(19)**   In 8(D)(19), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that crime scene was contaminated (Tr. 1495). At the evidentiary hearing, trial counsel McBride testified that he did not believe there was an objection available as

868

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

he had argued in his closing the lack of evidence at the crime scene that implicated the movant. This was reasonable trial strategy and movant has not shown that counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. The prosecutor's statement to the jury about the contamination of the crime scene was completely proper and supported by the evidence. Movant was not prejudiced. This claim is denied.

**8(D)(20)** In 8(D)(20), movant alleges that his trial counsel was ineffective for failing to ask the court to rule on his objection to the prosecutor's argument that movant stated he did not have a gun until after Jesse Carter came to get him so that the could run away (Tr. 1496). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not ask the trial court to rule on his objection. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Here, the trial court did rule on trial counsel's objection by stating that it was for the jury to remember the evidence. Movant was not prejudiced by his trial counsel's actions. Movant has also failed to

-98-  *869*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant was not prejudiced by his appellate counsel's actions. This claim is denied.

**8(D)(21)** In 8(D)(21), movant alleges that his trial counsel was ineffective for failing to properly object and preserve for appeal his objection that the prosecutor found it incredible that Susan Brouk would consent to sexual intercourse with movant on her daughter's bed (Tr. 1497). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820. Here the prosecutor was properly arguing that movant's testimony that he had engaged in consensual sex with Susan Brouk lacked all

-99-   *870*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 99 of 171

credibility. Additionally, the Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(22)** In 8(D)(22), movant alleges that his trial counsel was ineffective for failing to properly object and preserve for appeal counsel's objection to the prosecutor's biblical analogy (Tr. 1498). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Here the record reflects that trial counsel requested to approach the bench, presumably in an attempt to argue the objection out of the hearing of the jurors. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The transcripts reflect that the objection was overruled, and there is no reason to believe that preserving the issue would create any possibility of a different result. Additionally, the Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(23)** In 8(D)(23), movant alleges that his trial counsel was ineffective for failing to object to

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

the prosecutor's argument that "Folks, I guess what kind of bothers me the most when you look at this is let's examine what happened to Susan Brouk and her children" (Tr. 1501). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during trial does not establish lack of competent performance." *Id*. Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The transcripts reflect that the trial counsel did object to the prosecutor's argument shortly thereafter. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(24)** In 8(D)(24), movant alleges that his trial counsel was ineffective for failing to object or properly object and preserve for appeal trial counsel's objection to the prosecutor's argument that what bothered him was that Susan Brouk was raped prior to her murder (Tr. 1501-02). At the evidentiary hearing, trial counsel testified that he did not see any other objection to the statement other than the one he had just made. Trial counsel did not act unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. The transcripts reflect that the trial counsel did object to the

872

prosecutor's argument, and that it was overruled. There is no reason to think that an objection on any other grounds would have proven successful. Additionally, movant's claim that he was prejudiced because his trial counsel did not properly preserve this issue for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(25)** In 8(D)(25), movant alleges that his trial counsel was ineffective for failing to request a mistrial when the trial court sustained counsel's objection to the prosecutor's argument that the only way the jury could acquit would be to believe movant and no one else (Tr. 1502, 1504). The transcripts reflect that trial counsel did request the relief by requesting that the jury be instructed to disregard the prosecutor's statement (Tr. 1502). Nor has movant shown that he was prejudiced. In support of his prejudice argument, movant argues that the prosecutor's argument was misleading because the jury was to consider all the evidence. The record, however, reflects that the jurors were informed that they were "to base their decision on the entire evidence of the case" (Tr. 1502). There is no reasonable probability that mistrial would have been granted. Movant was not prejudiced. This claim is denied.

**8(D)(26)** In 8(D)(26), movant alleges that his trial counsel was ineffective for failing to object or properly object to the prosecutor's argument that the movant was trying to "smear the memory" of Susan Brouk in an attempt to avoid justice (Tr. 1503). At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not make the objection movant now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of action during

*873*

trial does not establish lack of competent performance." *Id*. Movant has not shown that trial

counsel acted unreasonably. Nor has movant shown that he was prejudiced. In order to be

prejudiced, the movant must show that there is a reasonable probability of a different result.

Movant has not shown this, and in light of the overwhelming evidence presented at trial of

movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover,

the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v.*

*Ringo*, 30 S.W.3d at 820. The transcripts reflect that the objection trial counsel made was

overruled, and there is no reason to believe that preserving the issue would create any possibility

of a different result. Additionally, the Missouri Court of Appeals has held that a movant's claim

that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a

postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his

trial counsel's actions. This claim is denied.

8(D)(27)  In 8(D)(27), movant alleges that his trial counsel was ineffective for failing to object to

the prosecutor's argument that Jesse Carter could not have come up with the idea of the murders

by himself and that the movant was "not a nice man" (Tr. 1503-04). At the evidentiary hearing,

trial counsel McBride testified that he did not recall why he did not make the objection movant

now claims was warranted. As the Missouri Court of Appeals, Western District found in *Rickey*

*v. State*, 52 S.W.3d at 596, counsel's "inability to remember why he took a specific course of

action during trial does not establish lack of competent performance." *Id*. Here the record

reflects that trial counsel requested to approach the bench, presumably in an attempt to argue the

objection out of the hearing of the jurors. Movant has not shown that trial counsel acted

unreasonably. Nor has movant shown that he was prejudiced. In order to be prejudiced, the

8 74

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant must show that there is a reasonable probability of a different result. Movant has not

shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is

no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is

allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at

820. The prosecutor's argument was permissible and it is unlikely that any objection would have

been sustained. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(28)** In 8(D)(28), movant alleges that his trial counsel was ineffective for failing to properly

object to the prosecutor's argument that the movant believed he could fool the jurors (Tr. 1505).

At the evidentiary hearing, trial counsel McBride testified that he did not recall why he did not

make the objection movant now claims was warranted. As the Missouri Court of Appeals,

Western District found in *Rickey v. State*, 52 S.W.3d at 596, counsel's "inability to remember why

he took a specific course of action during trial does not establish lack of competent performance."

*Id.* Movant has not shown that trial counsel acted unreasonably. Nor has movant shown that he

was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable

probability of a different result. Movant has not shown this, and in light of the overwhelming

evidence presented at trial of movant's guilt, there is no reasonable probability of a different result

at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise

from the evidence. *State v. Ringo*, 30 S.W.3d at 820. The transcripts reflect that the objection

was overruled, and there is no reason to believe that preserving the issue would create any

possibility of a different result. Movant's claim that he was prejudiced because is trial counsel's

objection failed to preserve the issue for appeal also fails. The Missouri Court of Appeals has

held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is

*8 75*

not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(29)** In 8(D)(29), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's opening statement that the State would introduce evidence that movant committed forcible sodomy upon another inmate while in jail (Tr. 1541-42). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. In fact, the evidence movant now claims trial counsel should have objected to was completely admissible as penalty phase evidence. It is well settled that the trial court is vested with broad discretion in determining the admissibility of evidence offered at the penalty stage of a capital trial. *State v. Johns*, 34 S.W.3d 93, 112 (Mo. banc 2000), *cert. denied* 532 U.S. 1012 (2001). As the Supreme Court of Missouri has held:

A separate punishment phase exists in capital cases to permit the

-105-

*8-76*

presentation of a wide range of evidence about the defendant's past character and conduct, while avoiding the possibility of placing prejudicial or irrelevant evidence in front of the jury before the determination of guilt or innocence. The purpose of permitting a wide range of evidence at this phase of the trial is to assist the jury in the serious business of determining the appropriate penalty for each individual. ...

Evidence of the defendant's character and conduct is not limited to criminal convictions. We have clearly held that the jury may consider evidence of a defendant's prior unadjudicated criminal conduct in the punishment phase of the trial. Finally, the jury may consider evidence of unadjudicated criminal conduct whether the conduct occurred before or after the offense at issue.

*Id.* (internal citations omitted). Thus, as the evidence of movant's actions in sodomizing Wagner was proper penalty phase evidence, any objection trial counsel may have raised during the State's opening argument would not have been successful. Nor has the movant shown that he was prejudiced. As a preliminary matter, this Court notes that movant's claims that he was prejudiced because counsel failed to properly preserve this issue for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson,* 955 S.W.2d at 831. Moreover, in reviewing a similar claim on movant's direct appeal, the Missouri Supreme Court found that:

The alleged instructional error is based on the trial court's submission of Instructions No. 22, 25, and 28, patterned after MAI-CR3d 313.41A. [Movant] contends that these instructions permitted the jury to consider the penalty phase

$877$

evidence of sodomy without guidance on how to consider the evidence or what

weight to give it. However, as this Court has recently held, the instructions

provide adequate guidance by correctly apprising the jury of the requirements of

Section 565.032.1, RSMo 1994, which authorizes the submission of so-called

"non-statutory aggravating circumstances. [Movant] relies on *State v. Debler* ...

for the proposition that the jury should have been instructed regarding how to

consider the evidence of his prior unadjudicated bad acts, and what weight to give

that evidence. *Debler* is not helpful to [movant]. This Court has explained that

the error in *Debler* was lack of notice to the defendant, not the lack of guidance to

the jury. The trial court did not err in submitting the pattern instructions.

*State v. Christeson*, 50 S.W.3d at 269-70. Although the Supreme Court's finding that this was

not plain error does not foreclose the possibility that a motion court can find *Strickland* prejudice,

the Court has clarified that "this theoretical difference between [plain error review and *Strickland*

prejudice] will seldom cause a court to grant post-conviction relief after it has denied relief on

direct appeal, for, in most cases, an error that is not outcome determinative on direct appeal will

also fail to meet the *Strickland* test." *Deck v. State*, 68 S.W.3d at 428. Movant has not shown

that this was one of those rare cases where the two standards of review diverge. As the evidence

was properly admitted and the prosecutor's opening statement detailing the evidence was

permissible, movant has not met his burden of proving that he was, in fact, prejudiced. This claim

is denied.

**8(D)(30)**    In 8(D)(30), movant alleges that his trial counsel was ineffective for failing to object to

the prosecutor's statement that Mike Wagner had "limited mental capabilities" (Tr. 1541). At the

F78

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. The statement made by the prosecutor was supported by the evidence that, indeed, Mr .Wagner did have "limited mental capabilities." Any objection to this statement would not have proven successful. Movant was not prejudiced. This claim is denied.

8(D)(31)   In 8(D)(31), movant alleges that his trial counsel was ineffective for failing to request relief when the trial court sustained counsel's objection to the prosecutor's statement the jurors must perform their solemn duty to sentence the movant to death (Tr. 1542-43). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not making requesting relief. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response

*8 7 9*

without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. It is highly unlikely that any request for a mistrial would have been granted and an instruction to the jurors to disregard the statement may have only highlighted the statement. Movant was not prejudiced. This claim is denied.

**8(D)(32)** In 8(D)(32), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that he thought the evidence of the Susan Brouk's murder was "outrageously and wantonly vile, horrible and inhumane and shows depravity of mind" (Tr. 1707). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting earlier to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal

*880*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence, *State v. Ringo*, 30 S.W.3d at 820, and the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing that statutory aggravating circumstances applied to the movant. Movant was not prejudiced. This claim is denied.

8(D)(33)  In 8(D)(33), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that movant's age and prior lack of criminal history did not outweigh the aggravating circumstances (Tr. 1710). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich

-110-  ۸۸۱

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence. *State v. Ringo*, 30 S.W.3d at 820, and the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing that statutory aggravating circumstances outweighed the mitigating circumstances. Movant was not prejudiced. This claim is denied.

**8(D)(34)** In 8(D)(34), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that the victim's family was also traumatized because of the violence that occurred at the family farm (Tr. 1711-12). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence, *State v. Ringo*, 30 S.W.3d at 820, and the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing the numerous ways in which the Brouk family was victimized. Movant was not prejudiced. This claim is denied.

8(D)(36)[1]  In 8(D)(36), movant alleges that his trial counsel was ineffective for failing to properly object and preserve for appeal counsel's objection to the prosecutor's statement that it was the jury's duty to come back with a verdict of death (Tr. 1713). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not properly objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any

---

[1]This Court notes that movant's amended motion skipped claim 8(D)(35), so in order to preserve the movant's numbering of claims, this Court will as well.

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes

that she was well prepared and a zealous and active advocate for movant. It is not credible that

Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it

credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions

that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich

continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not

required to believe the testimony of any witness even if that testimony is uncontradicted. *State v.*

*Williams,* 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be

prejudiced, the movant must show that there is a reasonable probability of a different result.

Movant has not shown this, and in light of the overwhelming evidence presented at trial of

movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover,

the scope of permissible argument during penalty phase argument is broad. *State v. Morrow,* 968

S.W.2d at 117. Here, the prosecutor was properly arguing to the jury that they should sentence

the movant to death for his crimes. As counsel's objection was overruled, it is unlikely that an

objection including the grounds for the objection would have proven to be any more successful.

Movant's claim that he was prejudiced based upon his counsel's failure to preserve this matter for

appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial

counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction

action. *State v. Thompson,* 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's

actions. This claim is denied.

**8(D)(37)** In 8(D)(37), movant alleges that his trial counsel was ineffective for failing to properly

object and preserve counsel's objection to the prosecutor's statement that although it might be

884

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

hard for the jury to decide upon punishment, it would be harder for the trial court to do so alone (Tr. 1714). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not properly objecting and preserving her objection to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that Ms. Leftwich asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing to the jury the importance of their decision. As counsel's objection was overruled, it is unlikely that an objection including the grounds for the objection would have proven to be any more successful. Movant's claim that he was prejudiced based upon his counsel's failure to preserve this matter for appeal also fails. The Missouri Court

P 85

of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(38)** In 8(D)(38), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that death was appropriate and asking the juror's to do their duty to sentence the movant accordingly (Tr. 1715). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was

-115-  $886$

properly arguing to the jury that they should sentence the movant to death for his crimes as that was the proper punishment. As this argument is permissible, it is unlikely that an objection would have proven to be successful. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(39)** In 8(D)(39), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that movant was the leader in the murders and co-defendant Jesse Carter the follower (Tr. 1721). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

inferences that arise from the evidence, *State v. Ringo*, 30 S.W.3d at 820, and the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor did not argue that Jesse Carter was victimized in this matter. The prosecutor's argument was only that movant was the more culpable of the two and that is why a sentence of death for his crimes as that was the proper punishment. In fact, the prosecutor did inform the jury that, although Carter will not receive the death penalty, he was looking at a sentence of life imprisonment (Tr. 1721). As this argument is permissible, it is unlikely that an objection would have proven to be successful. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(40)**  In 8(D)(40), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that many people have had a rough childhood (Tr. 1722-23). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing to the jury that the mitigating circumstance of movant's childhood was not an excuse for his crimes. As this argument is permissible, it is unlikely that an objection would have proven to be successful. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(41)** In 8(D)(41), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's statement that a rough upbringing was not an excuse for murder (Tr. 1722) and that coming up rough was "simply not enough, I submit" to "temper or reduce [the] severity" of movant's crimes (Tr. 1722). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be

-118-  $889$

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing to the jury that they should sentence the movant to death for his crimes as that was the proper punishment and that the mitigating circumstances of movant's childhood did not outweigh the aggravating circumstances of movant's crime. As this argument is permissible, it is unlikely that an objection would have proven to be successful. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(42)** In 8(D)(42), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that movant was continuing to maintain a lie and has not acknowledged his responsibility for the murders (Tr. 1722). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that

-119-  $\beta90$

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise from the evidence, *State v. Ringo*, 30 S.W.3d at 820, and the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor, in support of his argument that death was the appropriate penalty for movant's crimes, was asserting that the jury should consider movant's lack of remorse for his crimes. As this argument is permissible, it is unlikely that an objection would have proven to be successful. The prosecutor was not commenting upon the movant's right not to testify—indeed, in this case movant did testify in his defense. Nor did the prosecutor's argument violate any other constitutional rights of movant. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(43)** In 8(D)(43), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that the concern movant's family felt for movant was "simply–I suggest to you that that is not a reason to excuse murder" (Tr. 1723). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she

-120-  *891*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing to the jury that they should sentence the movant to death for his crimes as that was the proper punishment and that the mitigating circumstances of the concern movant's family may have felt for him did not outweigh the aggravating circumstances of movant's crime. As this argument is permissible, it is unlikely that an objection would have proven to be successful. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(D)(44)** In 8(D)(44), movant alleges that his trial counsel was ineffective for failing to object or properly object and preserve for appeal the issue of the prosecutor's argument that movant

-121-   892

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

displayed a predatory pattern by leading "a weak man, Jesse Carter, into murder" and by

"threatening and coercing Mike Wagner into sodomy" (Tr. 1723-24). At the evidentiary hearing,

trial counsel Leftwich testified that she did not have a reason for not making the objection movant

now claims was warranted. The record reflects that counsel did object to the prosecutor's

argument on the grounds that it was not rebuttal to her argument and that objection was

overruled (Tr. 1723). This Court expressly finds that the witness was not credible when she

repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was

that she was very quick to assert she had no reason and was prepared to make that response

without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at

trial and notes that she was well prepared and a zealous and active advocate for movant. It is not

credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant.

Nor is it credible that counsel asserted that she was aware of no legal significance to her

assertions that she had "no reason" for the many decisions that occurred. It appears that Ms.

Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court,

however, is not required to believe the testimony of any witness even if that testimony is

uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was

prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability

of a different result. Movant has not shown this, and in light of the overwhelming evidence

presented at trial of movant's guilt, there is no reasonable probability of a different result at

movant's trial. Moreover, the prosecutor is allowed to argue reasonable inferences that arise

from the evidence, *State v. Ringo*, 30 S.W.3d at 820, and the scope of permissible argument

during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the

-122-  893

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

prosecutor was properly arguing to the jury that they should sentence the movant to death for his crimes as movant has shown a pattern of preying upon others, even while incarcerated. As this argument is permissible, and trial counsel did object to it based on the grounds that it was not rebuttal to her argument, it is unlikely that an objection on any other grounds would have proven to be successful. Movant's claim that he was prejudiced based upon his counsel's failure to preserve this matter for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Additionally, movant's claim that he was prejudiced by Instructions 22, 25, and 28, fails. As has been stated throughout these findings, those instructions have been approved by the Missouri Supreme Court and were proper instructions to the jury. Movant was not prejudiced by his trial counsel's actions. Movant has also failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant was not prejudiced by his appellate counsel's actions. This claim is denied.

8(D)(45)   In 8(D)(45), movant alleges that his trial counsel was ineffective for failing to object to the prosecutor's argument that he would like to be able to show pictures of the victims as they aged but was not able to as they had been murdered by movant (Tr. 1724). At the evidentiary

894

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

hearing, trial counsel Leftwich testified that she did not have a reason for not objecting to the statement. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow,* 968 S.W.2d at 117. Here, the prosecutor was properly rebutting the mitigating evidence introduced by the movant of his childhood pictures and arguing to the jury that the reason he was not able to show pictures of the victims such as those shown of movant was because of movant's crimes. As this argument is permissible, it is unlikely that an objection would have proven to be successful. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

8(D)(46)    In 8(D)(46), movant alleges that his trial counsel was ineffective for failing to object or

895

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

properly object and preserve for appeal, to the prosecutor's argument that what the jurors had heard about movant's life was "not good enough to excuse what you know happened here" (Tr. 1725). At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not making the objections movant now claims were warranted. The record reflects that counsel did object to the prosecutor's argument on the grounds of the prosecutor's characterization of the mitigating evidence being "good enough" (Tr. 1725). This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not objecting on other grounds. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678. Nor has movant shown that he was prejudiced. In order to be prejudiced, the movant must show that there is a reasonable probability of a different result. Movant has not shown this, and in light of the overwhelming evidence presented at trial of movant's guilt, there is no reasonable probability of a different result at movant's trial. Moreover, the scope of permissible argument during penalty phase argument is broad. *State v. Morrow*, 968 S.W.2d at 117. Here, the prosecutor was properly arguing to the jury that the evidence presented in

-125-    *896*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

mitigation did not outweigh the evidence the State had presented of aggravating circumstances. As this argument is permissible, and trial counsel did object to it based on the characterization of "good enough evidence," it is unlikely that an objection on any other grounds would have proven to be successful. Movant's claim that he was prejudiced based upon his counsel's failure to preserve this matter for appeal also fails. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

### 8(E)

In 8(E) of his amended motion, movant raises numerous allegations of ineffective assistance of appellate counsel. As a preliminary matter, movant took the deposition of his appellate counsel, Janet Thompson, which was submitted to this Court by agreement. Ms. Thompson indicated that she did not raise various issue because she did not consider them to be valid claims, or did not feel they were serious enough to warrant relief from the appellate court. This court finds that the decisions by Ms. Thompson were reasonable decisions by appellate counsel as she was not ineffective.

8(E)(1)   In 8(E)(1), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's denial of movant's "Motion to Dismiss Charge of Murder First Degree and Objection to MAI-CR3d 313.02." This claim is denied because a distinction does not exist between first degree and second degree murder in Missouri. This assertion is not well founded. Nor has movant shown that he received ineffective assistance of trial counsel for allegedly failing to properly preserved this issue for appeal. The Missouri Court of Appeals has held that a

-126-  ₽97

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial or appellate counsels' actions. This claim is denied.

**8(E)(2)**   In 8(E)(2), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's denial of movant's "motion to Modify Reasonable Doubt Instruction in MAI-CR3d 300.02 and 302.04" and that his trial counsel was ineffective for failing to properly preserved this matter for appeal. This claim is denied as the reasonable doubt instruction has been affirmed repeatedly and, in fact, the Missouri Supreme Court has affirmed the issuing of sanctions for raising this meritless claim. *State v. Simmons*, 955 S.W.2d 752, 771 (Mo. banc 1997), *cert. denied* 522 U.S. 1129 (1998). Neither trial nor appellate counsel were ineffective and movant was not prejudiced. This claim is denied.

**8(E)(3)**   In 8(E)(3), movant alleges that his appellate counsel was ineffective for failing to appeal the alleged inadequacy of the transcript at page 358. This claim is denied as appellate counsel had no evidence to reasonably support the assertion movant now raised. Nor has movant shown that he was prejudiced in any way by this alleged error in the transcripts. This Court notes that, as movant did not call the venire member who gave this statement, movant has not proven his claim. Where, as here, movant failed to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d 361, 365 (Mo. App., E.D. 1992). This claim is denied.

**8(E)(4)**   In 8(E)(4), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's overruling of trial counsel's objection to the State's voir dire question of whether venire members would automatically disbelieve or believe Carter because he would be testifying pursuant to a plea bargain (Tr. 691-92). The prosecutor's question of the venire panel of whether

-127-   *898*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

they would "automatically disbelieve" a witness with a plea agreement was not requesting a commitment from the jurors and was a proper inquiry. Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Nor has movant shown that he received ineffective assistance of trial counsel for allegedly failing to properly preserved this issue for appeal. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsels' actions. This claim is denied.

**8(E)(5)** In 8(E)(5), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling sustaining the prosecutor's objection to defense counsel's opening statement that the reason Jesse Carter changed his prior statement is because of the deal with the State (Tr. 789). Although counsel may comment in opening statement about the evidence that will be elicited on cross-examination, the allegation by counsel that Carter had changed his story was argumentative and properly objected to. This Court further finds that appellate counsel's deposition testimony that she simply "missed" this issue is not credible in light of counsel's thoroughness in addressing and considering the issues on appeal. Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must

-128- *899*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(6)**   In 8(E)(6), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling sustaining the prosecutor's objection to defense counsel's opening statement that unknown fingerprints were found in the Brouk residence (Tr. 791-92). Besides not being prejudicial, the statement of counsel was argumentative and was an attempt to argue a negative inference from the evidence. This Court further finds that appellate counsel's deposition testimony that she simply "missed" this issue is not credible in light of counsel's thoroughness in addressing and considering the issues on appeal. Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(7)**   In 8(E)(7), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling sustaining the prosecutor's objection to trial counsel's closing argument

-129-   *900*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

where trial counsel had begun to argue a negative inference from a lack of evidence. This objection by the prosecutor was proper and sustaining the objection was not so prejudicial to have altered the outcome. This Court further finds that appellate counsel's deposition testimony that she simply "missed" this issue is not credible in light of counsel's thoroughness in addressing and considering the issues on appeal. Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(8)** In 8(E)(8), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to Kay Southard Hayes' testimony that she was close to the children (Tr. 798). Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

**8(E)(9)** In 8(E)(9), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to the admission of the autopsy and scene photographs (Tr. 823-25). It is within the trial court's discretion to allow such photographs. *State v. Anderson*, 76 S.W.3d 275, 276 (Mo. banc 2002). Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(10)** In 8(E)(10), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to Exhibit 1, an enlargement of the crime scene that contained a "legend" on the bottom of the diagram (Tr. 877). As the introduction of evidence is within the trial court's discretion, *State v. Anderson*, 76 S.W.3d at 276, movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

-131- *902*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

**8(E)(11)**  In 8(E)(11), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling of defense counsel's objection to the prosecutor's question to Jesse Carter about whether movant had said anything to Susan Brouk as they came out of the bedroom (Tr. 979).  This question was proper as the statement of the victim to movant to leave is part of the res gestae of the crime itself and is relevant.  Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal.  Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it.  *Franklin v. State*, 24 S.W.3d at 91.  Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal.  Appellate counsel did not act unreasonably and movant was not prejudiced.  This claim is denied.

**8(E)(12)**  In 8(E)(12), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to the admission of Exhibit 66, which is a photograph of the Bronco showing a knife on the floor of the backseat (Tr. 1281-82).  As the trial court is vested with broad discretion in the admission of evidence, *State v. Anderson*, 76 S.W.3d at 276, movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal.  Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it.  *Franklin v. State*, 24 S.W.3d at 91.  Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal.

-132-  *903*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Appellate counsel did not act unreasonably and movant was not prejudiced. Nor has movant shown that he received ineffective assistance of trial counsel for allegedly failing to properly preserved this issue for appeal. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Movant was not prejudiced by his trial counsel's actions. This claim is denied.

**8(E)(13)** In 8(E)(13), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to the admission of Exhibits 66 and 67, which were photographs of the Bronco showing a .12 gauge shotgun (Tr. 1277, 1281-82). As the admission of evidence is within the trial court's discretion, *State v. Anderson*, 76 S.W.3d 275, 276 (Mo. banc 2002), movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(14)** In 8(E)(14), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to the prosecutor's questions to Dr. Patricia Carter about wether, in other evaluations she had performed, that she has heard things at odds with the information in police reports (Tr. 1353-54). This testimony was relevant

-133- *904*

to the case. As the admission of evidence is discretionary with the trial court, _State v. Anderson_, 76 S.W.3d at 276, movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. _Franklin v. State_, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(15)**   In 8(E)(15), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to the prosecutor's re-cross examination of movant as being beyond the scope of the re-direct examination (Tr. 1423). Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. _Franklin v. State_, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. The questions posed by the prosecutor to movant did not exceed the scope of defense counsel's re-direct examination. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(E)(16)**   In 8(E)(16), movant alleges that his appellate counsel was ineffective for failing to appeal the trial court's ruling overruling defense counsel's objection to the State presenting victim impact evidence at movant's trial (Tr. 1520, 1588). However, as appellate counsel indicated,

-134- *905*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

victim impact testimony is admissible in Missouri. Movant has failed to show that his appellate counsel was ineffective for failing to raise this issue on appeal. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

### 8(F)

In 8(F) of his amended motion, movant raised numerous claims regarding ineffective assistance of counsel for failing to investigate and present lay witnesses, such as movant's family, friends, acquaintances, neighbors, and teachers, as mitigation evidence. At the evidentiary hearing, movant presented the testimony of several witnesses through depositions. The movant and State stipulated to the admission of these depositions. The State did not stipulate to the accuracy of the testimony. Trial counsel Leftwich, who was responsible for penalty phase at movant's trial, testified that most of movant's extended family did not fit her theory of mitigation and that she chose to not call them.

**8(F)(1)** In 8(F)(1), movant alleges that trial counsel was ineffective for failing to investigate and call Carol Belcher. Movant, however, did not call or depose this witness. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present

-135- *906*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

evidence on a claim waives that claim. This claim is denied.

8(F)(2)  In 8(F)(2), movant alleges that counsel was ineffective for failing to investigate and call David Bolin during penalty phase. The transcripts reflect that David Bolin did testify at trial. At the evidentiary hearing, trial counsel testified that she was suspicious of Mr. Bolin and that she has reasons for not calling him. The selection of witnesses and introduction of evidence are questions of trial strategy and is not the foundation for the finding of ineffective assistance of counsel. *State v. Leisure*, 828 S.W.2d 872, 876 (Mo. banc 1992, *cert. denied* 506 U.S. 923 (1992). In his deposition, David Bolin testified that movant lived with him and his wife for a period of time. Movant was 12 when he moved in with them and never lost his temper. He testified that Jessie Carter also lived in the home for awhile. Carter did not do what was asked of him and thought about girls. This testimony would not have been persuasive nor would it have changed the outcome. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d 121, 143 (Mo. banc 1998), *cert. denied* 525 U.S. 1085 (1998). This witness had been contacted prior to trial by defense counsel and the Court believes the decision was one of sound trial strategy. Additionally, trial counsel was not ineffective for failing to call a witness whose testimony she was suspicious of. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

8(F)(3)  In 8(F)(3), movant alleges that counsel was ineffective for failing to investigate and call Dale Christeson as a mitigation witness. Trial counsel testified that she recalled the name and that she was sure her paralegal had spoken to him, however she did not believe that this witness would provide the mitigation evidence she was searching for. A decision not to call a witness if counsel believes that witnesses testimony would not unqualifiedly support the defense is virtually

-136-  *907*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

unchallengeable. *State v. Johnson*, 901 S.W.2d 60, 63 (Mo. banc 1995). In any event, movant was not prejudiced as in his deposition, Dale Christeson did not provide any information that would not be cumulative to other mitigating evidence that was presented at trial. Trial counsel is not ineffective for failing to adduce cumulative testimony. *State v. Johnston*, 957 S.W.2d 734, 755 (Mo. banc 1997), *cert. denied* 522 U.S. 1150 (1998). Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

8(F)(4)   In 8(F)(4), movant alleges that trial counsel was ineffective for failing to investigate and call Anna Mae Christeson as a mitigation witness. Trial counsel testified at the evidentiary hearing that she spoke with Anna Mae Christeson, but did not recall what she had to say. In her deposition, however, Anna Christeson did not provide any information that would not be cumulative to other mitigating evidence that was presented at trial. Trial counsel is not ineffective for failing to adduce cumulative testimony. *State v. Johnston*, 957 S.W.2d at 755. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

8(F)(5)   In 8(F)(5), movant alleges that his trial counsel was ineffective for failing to call Robert Christeson. The transcripts reflect that this witness was called by the State (Tr. 1171). At the evidentiary hearing, trial counsel testified that she chose to not call this witness as she felt he did not have any helpful or mitigating information to provide. A decision not to call a witness if counsel believes that witnesses testimony would not unqualifiedly support the defense is virtually unchallengeable. *State v. Johnson*, 901 S.W.2d at 63. In any event, movant was not prejudiced as in his deposition, Robert Christeson did not provide any information that would not be cumulative to other mitigating evidence that was presented at trial. Trial counsel is not ineffective for failing to adduce cumulative testimony. *State v. Johnston*, 957 S.W.2d 734, 755 (Mo. banc

-137-   *908*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

1997), *cert. denied* 522 U.S. 1150 (1998). Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(6)** In 8(F)(6), movant alleges that his trial counsel was ineffective for failing to call Laura Bolin. At the evidentiary hearing, trial counsel testified that she chose to not call Laura Bolin because she felt that Ms. Bolin would not support the defense theory of mitigation. In her deposition, Laura Bolin testified that movant was like a big brother to her. This testimony, however, would not have altered the outcome at trial. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Likewise, her testimony offered no significant evidence in mitigation. There is no absolute duty to present mitigating character evidence. *Rousan v. State*, 48 S.W.3d 576, 583 (Mo. banc 2001). Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(7)** In 8(F)(7), movant alleges that his trial counsel was ineffective for failing to investigate and call Jerry Christeson. In his deposition, Jerry Christeson testified that he is a cousin of the movant. Like other relatives, he testified that movant was a friend and a nice person. The evidence would not have been mitigating and would not have changed the outcome of the trial. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(8)** In 8(F)(8), movant alleges that his trial counsel was ineffective for failing to investigate and call Katherine Bolin. In her deposition, Katherine Bolin testified that movant lived with her and her husband for a period of time. Movant was 12 when he moved in with them and never lost his temper. She testified that Jessie Carter also lived in the home for awhile. Carter did not do

-138- *909*

what was asked of him and thought about girls. This testimony would not have been persuasive nor would it have changed the outcome. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. This witness had been contacted prior to trial by defense counsel and the Court believes the decision was one of sound trial strategy. Counsel did not act unreasonably and movant has not shown that he was prejudiced. This claim is denied.

**8(F)(9)** In 8(F)(9), movant alleges that his trial counsel was ineffective for failing to investigate and call Debbie Bullock. In her deposition, Debbie Bullock testified that she is Joe Bolin's live-in girlfriend and went to school with movant. Her information would not have been persuasive and trial counsel was not ineffective in failing to call this witness. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(10)** In 8(F)(10), movant alleges that his trial counsel was ineffective for failing to investigate and call Chester Bockover. In his deposition, Chester Bockover testified that he went to school with movant. He testified that movant was easy going and did not have a temper. His testimony would not have been helpful or determinative. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(11)** In 8(F)(11), movant alleges that his trial counsel was ineffective for failing to investigate and call Edna Belcher. Movant, however, did not call or depose this witness. Allegations

-139-  9/0

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(F)(12)** In 8(F(12), movant alleges that his trial counsel was ineffective for failing to investigate and call Jerry Belcher. Movant, however, did not call or depose this witness. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(F)(13)** In 8(F)(13), movant alleges that his trial counsel was ineffective for failing to investigate and call Bob Smith. In his deposition, Bob Smith testified that he was a school teacher in St. James who taught both movant and Carter. He testified that when he first had movant as a student, he thought he was "sullen" and "I might have some trouble here". He testified that movant was smarter than Carter and that Carter was cooperative with some of the teachers. Smith's testimony would have only supported the State's theory that Carter was the follower and would negate any claim that movant had mental problems (Claim 8(n)). Trial counsel cannot be deemed ineffective for failing to call a witness whose testimony would not provide movant with a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(14)** In his amended motion, movant alleges that his trial counsel was ineffective for failing

*9/1*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

to investigate and call Gary Kell.[2] In his deposition, Gary Kell testified that he was an industrial arts teacher at St. James who had both movant and Carter in his classes. He testified that someone from the movant's trial team did contact him about testifying in movant's trial. He testified that movant was above average and that Carter was mentally challenged, but well behaved. Counsel was not ineffective in failing to call this witness who would not have provided any helpful evidence, but would only have bolstered the State's theory that Carter was a "follower". A decision to not call a witness if counsel believes that witness's testimony would not unqualifiedly support the defense, is virtually unchallengeable. *State v. Johnston*, 901 S.W.2d at 63. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(15)** In 8(F)(15), movant alleges that his trial counsel was ineffective for failing to investigate and call Melissa Keeney. In her deposition, Ms. Keeney testified that she had movant as a student in St. James. She was contacted by the trial team before the trial. She said she had no problems with movant, but had no other evidence to provide. Trial counsel cannot be deemed ineffective for failing to call a witness whose testimony would not provide movant with a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(16)** In 8(F)(16), movant alleges that his trial counsel was ineffective for failing investigate and call Don Nelson. At the evidentiary hearing, Mr. Nelson testified that he was a juvenile officer from Phelps County who supervised movant as a juvenile. The decision to not call Mr.

---

[2]In his amended motion, movant asserts that trial counsel was ineffective for failing to call Robert Kell. As the deposition states that this witness's name is Gary Kell, this Court is giving movant the benefit of the doubt in assuming that movant meant to plead the name Gary Kell instead.

9/2

Exhibit A
Christeson v. Roper

No. 4:04-CV-8004-DW

Nelson was a strategic decision by counsel, who had contacted Mr. Nelson and interviewed him. It was obvious that Mr. Nelson had no specific recollection of much of his interaction with movant. The testimony would not have been helpful because Mr. Nelson's interaction with movant arose from an allegation that movant sexually molested a younger boy. That fact would not have been mitigating or helpful and counsel was not ineffective. A decision to not call a witness if counsel believes that witness's testimony would not unqualifiedly support the defense, is virtually unchallengeable. *State v. Johnston*, 901 S.W.2d at 63. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(17)** In 8(F)(17), movant alleges that his trial counsel was ineffective for failing to investigate and call Barbara Railey. Movant, however, did not call or depose this witness. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(F)(18)** In 8(F)(18), movant alleges that his trial counsel was ineffective for failing to call Kathleen Craig. In her deposition, Ms. Craig testified that she is a cousin of the movant. She stated that movant's mother did not love movant, but favored movant's brother, Billy. She testified that she saw Linda place her mouth on movant's penis when movant was a baby. She never reported this to anyone. Ms. Craig had not seen movant since 1994, when she was imprisoned. She was in prison at the time of the trial. Thus, her availability and credibility were nonexistent. She could not provide the jury any information about movant during the four years prior to the murders. The allegation of sex abuse was never told to anyone, thus, there was no

*913*

way for trial counsel to have known about this allegation. Additionally, the lack of reporting makes it not credible. Trial counsel cannot be deemed ineffective for failing to call a witness who would not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(19)** In 8(F)(19), movant alleges that his trial counsel was ineffective for failing to investigate and call Travlis Christeson. In his deposition, Mr. Christeson testified that he is another cousin of movant. He also testified that movant was not violent, but acknowledged movant had some problems as a teenager. This testimony is not persuasive and would not have changed the outcome of the trial. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(20)** In 8(F)(20), movant alleges that his trial counsel was ineffective for failing to investigate and call Terry Bolin. In his deposition, Terry Bolin did not provide any information that would not be cumulative to other mitigating evidence that was presented at trial. Trial counsel is not ineffective for failing to adduce cumulative testimony. *State v. Johnston*, 957 S.W.2d at 755. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(21)** In 8(F)(21) of his amended motion, movant alleges that his trial counsel was ineffective for failing to call Wayne and Katherine (Down) Pingerton. Trial counsel was not ineffective in failing to introduce the testimony of the Pingertons. They had no useful information to offer at movant's trial. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Additionally, they had been

914

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

previously interviewed by counsel and were brought to the trial. Counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(22)** In 8(F)(22) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Kevin Bolin. In his deposition, Kevin Bolin testified that he is a cousin of the movant. He testified that movant was a good friend and like a brother to him. This testimony would not have altered the outcome at trial. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Likewise, his testimony offered no significant evidence in mitigation. There is no absolute duty to present mitigating character evidence. *Rousan v. State*, 48 S.W.3d at 583. Trial counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(23)** In 8(F)(23), movant alleges that his trial counsel was ineffective for failing to investigate and call Carmin Bolin. In her deposition, Ms. Bolin testified that she is also a cousin of the movant. She offered no evidence that is persuasive or would have altered the outcome. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Trial counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(24)** In 8(F)(24) of his amended motion, movant alleges this his trial counsel was ineffective for failing to call Mary Bolin. At the evidentiary hearing, trial counsel testified that she investigated Mary Bolin but did not feel that this witness had any evidence to offer in support of the defense's theory of mitigation. Additionally, in her deposition, Ms. Bolin did not provide any information that would not be cumulative to other mitigating evidence that was presented at trial. Trial counsel is not ineffective for failing to adduce cumulative testimony. *State v. Johnston*, 957

*9/15*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

S.W.2d at 755. Trial counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

**8(F)(25)** In 8(F)(25) of his amended motion, movant alleges that his trial counsel was ineffective for failing to call Lujuana Bolin, At the evidentiary hearing, trial counsel testified that she investigated Lujuana Bolin but did not feel that this witness had any evidence to offer in support of the defense's theory of mitigation. In her deposition, Ms. Bolin did not provide any information that would not be cumulative to other mitigating evidence that was presented at trial. Trial counsel is not ineffective for failing to adduce cumulative testimony. *State v. Johnston*, 957 S.W.2d at 755. Counsel did not act unreasonable and movant was not prejudiced. This claim is denied.

**8(F)(26)** In 9(F)(26) of his amended motion, movant alleges that his trial counsel was ineffective for failing to present full and complete testimony from Billy Christeson. As movant admits, this witness did testify at movant's trial. Moreover, movant has not pled what testimony trial counsel failed to elicit. "Missouri is a fact pleading state. Rule 29.15 is consistent with that regime." *State v. Harris*, 870 S.W.2d at 815. Any attempt to refine the claims in preparation for an evidentiary hearing and appeal "does not remedy the pleading defect." *Id.* Movant has provided this Court with no evidence that trial counsel acted unreasonably; nor has movant shown that he was prejudiced. This claim is denied.

**8(F)(27)** In 8(F)(27) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call numerous other family members of movant's. Movant list a variety of potential witnesses. Some of these witnesses, such as Laura Bolin and Jerry Christeson, were pled in prior claims which have been denied. The other witnesses listed by movant were not

-145- *9/6*

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 146 of 171

called or deposed by movant. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(F)(28)** In 8(F)(28) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call other teachers of movant's and Jesse Carter's. The only such teacher that was either called or deposed was Bill Crabtree. As movant has failed to present evidence of the testimony of any of the other teachers listed in his motion, all claims concerning them are denied. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. In his deposition, Mr. Crabtree testified that he was also a teacher of Carter and movant when they were in St. James. Crabtree stated that Carter was immature, but he never had to correct him. He also testified that movant missed a lot of school during his later years in school. Crabtree would have provided no useful information for movant. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel did not act unreasonably in not calling this witness and movant was not prejudiced. This claim is denied.

**8(F)(29)** In 8(F)(29) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Amy Skyles. In his motion, movant does not plead what evidence in mitigation Ms. Skyles would have provided. "Missouri is a fact pleading state. Rule 29.15 is consistent with that regime." *State v. Harris*, 870 S.W.2d at 815. Any attempt to refine the claims in preparation for an evidentiary hearing and appeal "does not remedy the pleading

-146-   *9 / 7*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

defect." _Id_. Additionally, allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. _State v. Simmons_, 825 S.W.2d at 365. By failing to depose of call this witness, movant has waived this claim. This claim is denied.

### 8(G)

In 8(G) of his amended motion, movant raises numerous allegations of ineffective assistance of counsel based upon counsel's failure to present certain records and witnesses to testify about those records in penalty phases. This Court has reviewed the records separately and together and finds that trial counsel was not ineffective for not admitting them as mitigating evidence.

**8(G)(1)**   In 8(G)(1) of his amended motion, movant alleges that he received ineffective assistance of counsel based upon counsel's failure to introduce movant's school records. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an

-147-   9/8

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

advocate for movant by claiming to be ineffective.  This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams*, 861 S.W.2d at 678.  Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense.  In fact, there is no absolute duty to present mitigating character evidence. *Rousan v. State*, 48 S.W.3d 576, 583 (Mo. banc 2001). While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty.  Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime.  Trial counsel was not ineffective.  This claim is denied.

**8(G)(2)**   In 8(G)(2) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduce records pertaining to movant's mother's stay at Southeast Missouri Mental Health Hospital.  At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records.  This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so.  The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial.  The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant.  It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant.  Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred.  It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

is uncontradicted. _State v. Williams_, 861 S.W.2d at 678. Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense. In fact, there is no absolute duty to present mitigating character evidence. _Rousan v. State_, 48 S.W.3d at 583. While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty. Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime. Trial counsel was not ineffective. This claim is denied.

8(G)(3) In (8(G)(3) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduc records from Family Oriented Counseling Services from which movant's mother was obtaining psychiatric care from. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. _State v. Williams_, 861 S.W.2d at 678. Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the

-149-   920

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

defendant as part of the defense.  In fact, there is no absolute duty to present mitigating character evidence.  *Rousan v. State*, 48 S.W.3d at 583.  While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty.  Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime.  Trial counsel was not ineffective.  This claim is denied.

**8(G)(4)**   In 8(G)(4) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduce records from Southeast Missouri Mental Health Hospital that showed movant's father was hospitalized there.  At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records.  This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so.  The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial.  The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant.  It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant.  Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred.  It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective.  This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted.  *State v. Williams*, 861 S.W.2d at 678.  Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense.  In fact, there is no absolute duty to present mitigating character evidence.

-150- $921$

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

_Rousan v. State_, 48 S.W.3d at 583. While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty. Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime. Trial counsel was not ineffective. This claim is denied.

**8(G)(5)**  In 8(G)(5) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduce records movant's biological father had mental problems and was institutionalized after a finding of not guilty by a reason of insanity. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. _State v. Williams_, 861 S.W.2d at 678. Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense. In fact, there is no absolute duty to present mitigating character evidence. _Rousan v. State_, 48 S.W.3d at 583. While movant did

-151-  922

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty. Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime. Trial counsel was not ineffective. This claim is denied.

**8(G)(6)** In 8(G)(6) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduce records from Riverside Hospital that showed movant was burned when he was sixteen months old. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is uncontradicted. *State v. Williams,* 861 S.W.2d at 678. Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense. In fact, there is no absolute duty to present mitigating character evidence. *Rousan v. State,* 48 S.W.3d at 583. While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty. Counsel

923

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime. Trial counsel was not ineffective. This claim is denied.

8(G)(7)   In 8(G)(7) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduce movant's jail records from the Cole County Jail. At the evidentiary hearing, trial counsel testified that she typically does not introduce jail records unless there is something helpful to the client in them. This is a strategic decision and trial counsel did not act unreasonably. Moreover, this Court has reviewed the records and finds that movant was not prejudiced. This claim is denied.

8(G)(8)   In 8(G)(8) of his amended motion, movant alleges that his trial counsel was ineffective for failing to introduce records showing that he was hospitalized when he was five weeks old. At the evidentiary hearing, trial counsel Leftwich testified that she did not have a reason for not admitting these records. This Court expressly finds that the witness was not credible when she repeatedly stated that she doesn't have a reason for not doing so. The Court's observations was that she was very quick to assert she had no reason and was prepared to make that response without any reflection on the events that occurred at trial. The Court observed Ms. Leftwich at trial and notes that she was well prepared and a zealous and active advocate for movant. It is not credible that Ms. Leftwich gave no thought whatsoever to the numerous claims raised by movant. Nor is it credible that counsel asserted that she was aware of no legal significance to her assertions that she had "no reason" for the many decisions that occurred. It appears that Ms. Leftwich continues to be an advocate for movant by claiming to be ineffective. This Court, however, is not required to believe the testimony of any witness even if that testimony is

924

uncontradicted. _State v. Williams_, 861 S.W.2d at 678. Likewise, there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense. In fact, there is no absolute duty to present mitigating character evidence. _Rousan v. State_, 48 S.W.3d at 583. While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty. Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime. Trial counsel was not ineffective. This claim is denied.

### 8(H)

In 8(H), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to call Michael Paul Gibbs in rebuttal to the State's evidence. Gibbs testified in his deposition that movant never told him that he had killed the victims. He also testified that trial counsel, Valerie Leftwich, discussed with Gibbs the possibility of testifying, but he refused. Gibbs indicated the only reason he is willing to now testify is because movant's present counsel told Gibbs some unspecified information that leads Gibbs to think movant is actually innocent. Thus, at the time of trial, Gibbs was not available. Trial counsel cannot be held ineffective for failing to call a witness that would not have testified if called. _Bucklew v. State_, 38 S.W.3d 395, 398 (Mo. banc 2001), _cert. denied_ 122 S.Ct. 374 (2001). Gibbs also has a substantial criminal record of first degree murder, escape, assault in the first degree, tampering with a vehicle and armed criminal action. Thus, combined with the purported reason for now coming forward, make Gibbs' testimony not worthy of belief. Gibbs implied he would have killed movant in jail had he believed the charges were true. Gibbs now says that he's testifying because he believes movant is innocent. The inconsistency is incredible and not believable. Trial counsel was not ineffective for

-154-  925

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

failing to call this witness. This claim is denied.

### 8(I)

In 8(I), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to present a time line of the events of the crime. This Court has reviewed the testimony presented at trial as to the sequence of events and concludes that movant was not prejudiced by his trial counsel's actions. This evidence would have been subject to impeachment by the prosecutor, and such impeachment may have ultimately had a negative effect by causing the jurors to deliberate for a shorter period. In light of the overwhelming evidence of movant's guilt, there is no reasonable probability of any different result at movant's trial had a time line been introduced. Movant has introduced no evidences that proved he was prejudiced, and this Court therefore concludes that he was not prejudiced. This claim is denied.

### 8(J)

In 8(J) of his amended motion, movant alleges that his constitutional rights were violated as the State "changed the theory of the case" between movant's trial and his co-defendant's trial. This claim fails, however, as movant cannot claim that he was prejudiced by his co-defendant's trial which occurred months after movant's trial. Although we do hold our capital defense litigators to a higher standard of competence, we do not require that they be clairvoyant and able to predict the future. If any prejudice were to occur, it would have been to Jesse Carter, and the Missouri Court of Appeals, Southern District, has already ruled that Carter was not prejudiced. *State v. Carter*, 71 S.W.3d 267, 269 (Mo. App., S.D. 2002). Trial counsel was not ineffective for failing to predict that the State would change it's theory in movant's co-defendant's trial. This claim is denied.

-155-

*926*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

## 8(K)

In 8(K), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to call Joe Bolin during either the guilt of penalty phases. Joseph Bolin testified that movant worked with Bolin in his palet business in Vichy. Movant thinks it is significant that Bolin dropped movant off at a hotel with a woman that was five or six years older than movant. This evidence would not have been persuasive in any way. Trial counsel did interview Mr. Bolin before trial and made a reasonable decision to not call him. Trial counsel cannot be deemed ineffective for failing to call a witness who could not provide a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel was not ineffective. This claim is denied.

## 8(L)

In Claim 8(L), movant asserts that trial counsel was ineffective for failing to require his expert witness, Dr. Wanda Draper, to "document his life" as part of her testimony. Movant again called Dr. Wanda Draper, who presented a lengthy description of Movant's "life history". She presented a prepared time line of Movant's life. The Court notes that, as at trial, Dr. Draper lacks any significant research or experience in forensic psychology or in how experiences impact on one's future criminal behavior (Exhibit 49 is her vita). Dr. Draper was not particularly credible or persuasive at the first trial, and her additional evidence would have been no more persuasive or credible. Dr. Draper testified at trial that Movant did not "bond" with his mother (Tr. 1668), she did not want Movant (Tr. 1669), and mistreated him (Tr. 1670). Furthermore, the court finds that this protracted testimony could have possibly been counter productive since Dr. Draper attempts to develop sympathy because Movant lost his father at age 12. Yet he was found guilty of murdering two children and their single mother. Dr. Draper's attempts to make typical

927

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

childhood events (illnesses, accidents) "significant" were not very credible. Additionally, this Court notes that there is no requirement that trial counsel in a capital case present a complete life story of the defendant as part of the defense. In fact, there is no absolute duty to present mitigating character evidence. *Rousan v. State*, 48 S.W.3d 576, 583 (Mo. banc 2001). While movant did experience some difficulties in his life, those were established in evidence and did not cause the jury to mitigate his penalty. Counsel could reasonably decide that making a more concerted effort to seek sympathy from a jury could "backfire" in light of the nature of this crime. Trial counsel was not ineffective. This claim is denied.

### 8(M)

In 8(M), movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to investigate and present evidence of movant's co-defendant, Jesse Carter.

**8(M)(1)** In 8(M)(1) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Amber Williams Burgess. Amber Burgess testified in her deposition that she dated Jessie Carter for six months when she was at Fredericktown School in the 8th or 9th grade. She testified that Carter was a jealous boyfriend who was verbally and physically abusive. The Court finds nothing in this testimony that would be relevant or mitigating and trial counsel was not ineffective in failing to call this witness. This evidence regarding Jesse Carter would not have provided movant with a viable defense, and counsel cannot be deemed ineffective for failing to call this witness. *State v. Clay*, 975 S.W.2d at 143. Moreover, trial counsel testified at the evidentiary hearing that had the defense's request for continuance been granted, more potential witnesses would have been investigated to impeach Carter's testimony. Counsel cannot be deemed ineffective because it was this Court's decision to deny the request for

928

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

a continuance. This claim is denied.

**8(M)(2)** In 8(M)(2) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Paula Burgess. Movant, however did not call or depose this witness. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(M)(3)** In 8(M)(3) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Kyle Burgess. Kyle Burgess "knew of" Jessie Carter when he lived in the Fredericktown area. He testified that Carter was aggressive towards him and would threaten him. Burgess also testified that Carter only attempted violence when other friends were with him. Thus, this would have reinforced the State's theory that Carter was a "follower". Counsel cannot be deemed ineffective for failing to call a witness who would not provide movant with a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel was not ineffective in failing to call this witness. This claim is denied.

**8(M)(4)** In 8(M)(4) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Christopher Pullen and Steve Shoe. Movant, however did not call or depose Steve Shoe. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. Christopher Pullen testified at the evidentiary hearing that although he knew Carter's reputation

929

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

for drug usage, he never saw Carter get violent with anyone. This would have reinforced the State's theory that Carter was a "follower". Counsel cannot be deemed ineffective for failing to call a witness who would not provide movant with a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel was not ineffective in failing to call this witness. This claim is denied.

**8(M)(5)** In 8(M)(5) of his amended motion, movant alleges that trial counsel was ineffective for failing to investigate and call Amanda Burgess. Amanda Burgess testified in her deposition that she lived in the Farmington area, but did not really know Carter. She testified Carter's reputation was not good. This evidence would not have been persuasive nor helpful to movant. Nor would this evidence has provided movant with a viable defense, thus trial counsel was not ineffective for failing to call her as a witness. *State v. Clay*, 975 S.W.2d at 143. Likewise, a decision not to call a witness if counsel believes that witnesses testimony would not unqualifiedly support the defense is virtually unchallengeable. *State v. Johnson*, 901 S.W.2d 60, 63 (Mo. banc 1995). This claim is denied.

**8(M)(6)** In 8(M)(6) of his amended motion, movant alleges that his trial counsel was ineffective for failing to investigate and call Dawn Adkins, Sherry Smitty, Laura Dillingham, and Williams Bader. Movant, however did not call or depose any of these witnesses. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(M)(7)** In 8(M)(7) of his amended motion, movant alleges that trial counsel was ineffective for failing to investigate and call "other witnesses" who knew Jesse Carter. Movant, however, did

-159-

930

not name the potential witnesses. Allegations contained in a postconviction motion are not self-proving and movant has the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. Failure to present evidence on a claim waives that claim. This claim is denied.

**8(M)(8)**   In 8(M)(8) of his amended motion, movant alleges that his trial counsel was ineffective for failing to elicit full and complete testimony from Dr. Patricia Carter. Movant claims that Dr. Carter would have testified about Jesse Carter's psychological disfunctions. Such evidence, however, would have reinforced the State's theory that Carter was a "follower". Counsel cannot be deemed ineffective for failing to call a witness who would not provide movant with a viable defense. *State v. Clay*, 975 S.W.2d at 143. Counsel was not ineffective in failing to call this witness. This claim is denied.

## 8(N)

In 8(N) of his amended motion, movant asserts that counsel was ineffective in failing to present the testimony of Dr. Dennis Cowan that movant suffers from congenital brain damage. Besides being inconsistent with the testimony of movant's family members and teachers, movant waives this claim by failing to present evidence to support it. Allegations contained in a postconviction motion are not self-proving and the movant bears the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d at 365. This claim is denied.

## 8(O)

-160-

*931*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Claim 8(O) was a claim of an unspecified accusation of a Brady violation. The claim is waived by movant's failure to specify the allegations in his Amended Motion. Movant also failed to support his claim. Allegations contained in a postconviction motion are not self-proving and the movant bears the burden of proving his grounds for relief by a preponderance of the evidence. Where, as here, the movant fails to present any evidence to support a claim, it must fail. *State v. Simmons*, 825 S.W.2d 361, 365 (Mo. App., E.D. 1992). This claim is denied.

### 8(P)

In 8(P) of his amended petition, movant raises the claim that the time limits of Rule 29.15 violate due process. Movant admits that this claim has been denied by the Missouri Supreme Court. *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989). This claim has no merit. This claim is denied.

### 8(Q)

In 8(Q) of his amended motion, movant alleges that he received ineffective assistance of counsel based upon his counsel's failure to object to various jury instructions.

**8(Q)(1)** In 8(Q)(1) of his amended motion, movant alleges that his trial counsel was ineffective for failing to ensure that the verdict directors required that jury find that movant deliberated. Counsel was not ineffective for failing to object to instructions 6, 9 and 12 based on the claim that they do not require Movant to deliberate before committing the murders. The verdict directors were proper and not prejudicial. This claim is denied.

**8(Q)(2)** In 8(Q)(2) of his amended motion, movant alleges that his trial counsel was ineffective for failing to object to Instruction No. 21. This instruction was in compliance with the MAI-CR's. Moreover, movant has not shown that he was prejudiced. The State did not allege that

-161- *932*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant or Jesse Carter showed a depravity of mind in binding Susan Brouk. In fact, it did not

matter whether Susan Brouk was bound and thus rendered helpless by movant or Carter. The

depravity of mind alleged by the State was that movant killed the victim after she had been

rendered helpless. Movant was not prejudiced by this instruction. Additionally, movant has not

shown that he received ineffective assistance of trial counsel for allegedly failing to properly

preserved this issue for appeal. The Missouri Court of Appeals has held that a movant's claim

that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a

postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor has movant shown that he

received ineffective assistance of appellate counsel. Strong grounds must be present showing that

the appellate counsel failed to assert a claim of error which would have required reversal had it

been asserted and which was so obvious from the record that a competent and effective attorney

could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has

not proven that any such strong grounds exist or that this claim was so obvious as to require

reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant did

not receive ineffective assistance of trial or appellate counsel. This claim is denied.

**8(Q)(3)** In 8(Q)(3) of his amended motion, movant alleges that his trial counsel was ineffective

for failing to object to Instruction No. 21, the statutory aggravating circumstances regarding the

death of Susan Brouk in that the instruction did not require that the jury find movant "knowingly"

raped Ms. Brouk. This claim is meritless as the instruction complied with the Missouri Approved

Instruction. Moreover, movant has not shown he was prejudiced. There was no credible

evidence presented at trial that movant did not knowingly rape Susan Brouk. In light of the

overwhelming evidence of movant's guilt, there is no reasonable probability of a different result

-162-

933

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

had "knowingly" been included in the applicable instruction. Additionally, movant has not shown that he received ineffective assistance of trial counsel for allegedly failing to properly preserved this issue for appeal. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Nor has movant shown that he received ineffective assistance of appellate counsel. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant did not receive ineffective assistance of trial or appellate counsel. This claim is denied.

8(Q)(4)   In 8(Q)(4) of his amended motion, movant alleges that his trial counsel was ineffective for failing to object that several MAI-CR3d instructions were omitted and/or given in the wrong order. In the first part of his claim, movant alleges that MAI-CR3d 313.46A, which instructs the jury that they never have to impose death, was not read to the jury after each count. Movant argues that he was prejudiced on this because the jury "was told only one time toward the end of the process" that they did not have to give death. This is patently untrue. The jurors were instructed in voir dire that they did not have to affix the punishment at death. Additionally, trial counsel again informed the jurors that they did not have to give death (Tr. 1716). Trial counsel also informed the jury that the penalty of life without the possibility of parole was the presumed punishment (Tr. 1716). Movant was not prejudiced by his trial counsel's actions. Nor has

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

movant shown any prejudice on his assertion that he was prejudiced because "MAI-CR3d

313.48A ... did not follow a repetition of 313.46A on each count" (emphasis in original). This

claim is also meritless. As movant admits, the instruction "was given three consecutive times at

the end of the instruction." Movant was not prejudiced by the instructions being read out of order

as there is no reasonable probability of a different result had the instructions been read in a

different order. Additionally, movant has not shown that he received ineffective assistance of trial

counsel for allegedly failing to properly preserved this issue for appeal. The Missouri Court of

Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to

appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831.

Likewise, movant has not shown that he received ineffective assistance of appellate counsel.

Strong grounds must be present showing that the appellate counsel failed to assert a claim of error

which would have required reversal had it been asserted and which was so obvious from the

record that a competent and effective attorney could have recognized and asserted it. *Franklin v.

State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or

that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably

and movant was not prejudiced. Movant did not receive ineffective assistance of trial or appellate

counsel. This claim is denied.

8(Q)(5)   In 8(Q)(5) of his amended motion, movant alleges that his trial counsel was ineffective

for failing to object to Instructions No. 21, 24, and 27 on the grounds that the "depravity of mind

aggravating circumstances in each instruction was vague and did not genuinely narrow the class of

persons subject to the death penalty." This Court has reviewed the instructions in question and

determines that there is no merit to this claim. These instructions complied with the MAI-CR3d

*935*

and provided adequate guidance to the jurors. Additionally, movant has not shown that he received ineffective assistance of trial counsel for allegedly failing to properly preserved this issue for appeal. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson*, 955 S.W.2d at 831. Likewise, movant has not shown that he received ineffective assistance of appellate counsel. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State*, 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Movant did not receive ineffective assistance of trial or appellate counsel. This claim is denied.

**8(Q)(6)** In 8(Q)(6) of his amended motion, movant alleges that trial counsel was ineffective for failing to request that the no adverse inference instruction be read to the jury. As movant asserts, this instruction, if requested, much be read to the jury. The Supreme Court of Missouri has held that it is not ineffective assistance of counsel to not request that an available instruction be submitted to the jury. *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984). It was reasonable trial strategy to not request this instruction as this instruction would only served to highlight appellant's decision to not testify. *See Ellis v. State*, 773 S.W.2d 194, 199 (Mo. App., S.D. 1989). The Supreme Court, through its approved jury instructions, has recognized this proposition by making the "no adverse inference" instruction optional. *State v. Storey*, 986 S.W.2d 462, 463-64 (Mo. banc 1999). Trial counsel was not ineffective for failing to request that

936

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

this instruction be given. This claim is denied.

## 8(R)

In 8(R) of his amended motion, movant alleges that he received ineffective assistance of counsel based upon his counsel's "incomplete, inadequate and unreasonable opening statement and closing argument in the penalty phase of trial." This Court has reviewed both the opening statement and closing arguments and determines that trial counsel did not act unreasonably. In her opening statement, trial counsel informed the jury that what the mitigating evidence would be and that they would be asking for life imprisonment (Tr. 1544-45). In her closing, counsel vigorously argued that life without the possibility of probation or parole is presumed and that the jurors were never required to give the death penalty (Tr. 1715-16). Counsel also reiterated the hardships that movant had endured (Tr. 1718) and that movant was only 18 and had no previous convictions (Tr. 1719). In light of the nature of movant's crimes, a closing argument that "demanded" (See Amended Motion at 191) movant be given a life sentence would not have been persuasive to jurors who had already decided that movant was guilty of three counts of first degree murder. Trial counsel did not act unreasonably and movant was not prejudiced. This claim is denied.

## 8(S)

In 8(S) of his amended motion, movant alleges that trial and appellate counsel were ineffective for failing to obtain a transcript that included all pretrial matters. Movant has waived this claim by failing to present sufficient evidence that movant has been prejudiced in any way by this alleged failure. He has not established that any claim that had any merit was waived, lost or forfeited by this alleged failure. Movant also implied, as part of this claim, that the transcript was

-166-  *937*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

inaccurate. Again, he presents no evidence that this resulted in any prejudice to him. This claim
is denied.

### 8(T)

**8(T)(1)**  In 8(T)(1) of his amended motion, movant alleges that he received ineffective assistance
of counsel for failing to object to an allegedly ineffective information, which movant claims was
improper because it failed to plead all the elements of the offense of statutory first degree murder.
The information is not defective by failing to include the aggravating circumstances under
Missouri's scheme. Counsel was fully aware of the possibility that the penalty of death would be
sought and given adequate notice of the aggravating circumstances. In fact, as trial counsel
testified at the evidentiary hearing, aggravating circumstances are usually filed at a later time.
Trial counsel did not act unreasonably in not making a meritless objection. Moreover, as movant
admits, the Missouri Supreme Court recently rejected a claim similar to this is in *State v. Cole*, 71
S.W.3d 163 (Mo. banc 2002) where it found that this:

> claim is meritless. Section 565.020 defines a single offense of first-degree murder
> with the express range of punishment including life imprisonment or death.
> Section 565.030 delineating trial procedure in case of first degree murder does not
> create, or differentiate, two separate categories of first degree murder offenses.
> The maximum penalty for first-degree murder in Missouri is death, and the
> required presence of aggravating facts or circumstances to result in this sentence
> no way increased this maximum penalty. [*Apprendi v. New Jersey*, 530 U.S. 466
> (2000)] is inapposite.

*Id.* at 171. Counsel cannot be deemed ineffective for failing to perform a meaningless act. This

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 168 of 171

claim is denied.

**8(T)(2)**   In 8(T)(2) of his amended motion, movant argues that his trial counsel was ineffective for failing to object to the allegedly improper information which read that the State was charging "the defendant, Jesse Carter, acting in concert with Jesse Carter" with murder in the first degree. Had counsel asserted that the information in the case was defective because it referred to Jesse Carter as the defendant rather than the movant, the State would have been permitted to amend and no prejudice could have, or did, occur. In fact, the information was charged by interlineation and there was clearly no prejudice to the Movant. Nor has movant shown that he received ineffective assistance of appellate counsel. Strong grounds must be present showing that the appellate counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective attorney could have recognized and asserted it. *Franklin v. State,* 24 S.W.3d at 91. Here, the movant has not proven that any such strong grounds exist or that this claim was so obvious as to require reversal. Appellate counsel did not act unreasonably and movant was not prejudiced. Nor has movant shown that he received ineffective assistance of trial counsel for allegedly failing to properly preserve this issue for appeal. The Missouri Court of Appeals has held that a movant's claim that trial counsel's actions affecting the movant's ability to appeal is not cognizable in a postconviction action. *State v. Thompson,* 955 S.W.2d at 831. Movant did not receive ineffective assistance of trial or appellate counsel. This claim is denied.

### 8(U)

In 8(U) of his amended motion, the movant claims that trial counsel was ineffective in failing to present the testimony of Dr. Richard Weiner that suggests the jury instructions in capital

-168-   *939*

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

cases are not fully understood by juries. This evidence was submitted by stipulation in which the deposition testimony of Dr. Weiner from a previous PCR was introduced. Again, the State stipulated that the transcript accurately sets out what Dr. Weiner's testimony would be, but challenges the truthfulness or accuracy of that testimony. Likewise, Dr. Weiner's research has been rejected by the Missouri Supreme Court repeatedly and previously. *State v. Deck*, 994 S.W.2d at 542-43 (Mo. banc 1999). Those shortcomings continue to exist. Dr. Weiner's opinions and conclusions are not credible and his bias is obvious. Trial counsel was not ineffective in failing to call Dr. Weiner and present his research. This claim is denied.

### 8(V)

In 8(V) of his amended motion, movant attacks the constitutionality of the Missouri Death Penalty. In support of his argument, movant alleges that the process is arbitrary and capricious based on the granting of clemency by Governor Carnahan to Darrell Mease. This claim has been addressed by our Supreme Court and rejected. *State v. Simmons*, 955 S.W.2d 752, 771 (Mo. banc 1997), *cert. denied* 522 U.S. 1129 (1987). This claim is denied.

### 8(W)

In 8(W) of his amended motion, the movant asserts that trial counsel was ineffective in failing to present the testimony of Dr. Galliber and Dr. Sorenson to establish that the proportionality review of the death penalty in Missouri is somehow unconstitutional. Evidence was introduced by the affidavits of these witnesses. The State stipulated that the witnesses would testify as set forth in the affidavits, but did not stipulate to the truthfulness or accuracy of their statements. This theory has previously been rejected consistently by our Supreme Court. Additionally, the court finds that the testimony is not credible nor persuasive. Counsel cannot be

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

faulted for failing to perform a meaningless act. Trial counsel was not ineffective. Nor has movant shown that appellate counsel was ineffective. This claim is denied.

## CONCLUSION

The Court concludes that the movant has failed to plead facts and/or prove that his conviction or sentence violates the Constitution or laws of this State or of the United States.

IT IS THEREFORE ORDERED AND ADJUDGED that the Movant's Amended Rule 29.15 Motion to Vacate Judgment And Sentence is hereby denied and dismissed with prejudice.

Dated: __4/23__, 2003.

_____
C. DAVID DARNOLD, Sr. Judge

-170- 941

Exhibit A
Christeson v. Roper
No. 4:04-CV-8004-DW

Case 4:04-cv-08004-DW   Document 101-1   Filed 10/22/14   Page 171 of 171