# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MARK A. CHRISTESON,          )
                                      )
       Petitioner,           )      Case No. 04-CV-08004-W-DW
                                        )
v.                                  )
                                        )
DON ROPER,               )
                                        )
       Respondent.          )

# ORDER

Before the Court is the Renewed Motion by Pro Bono Counsel for Substitution of 18 U.S.C. § 3599 Appointed Counsel (the "Motion"). <u>See</u> Doc. 100. After carefully reviewing the record, the Motion is DENIED for the reasons set forth below.[1]

"Substitution of . . . federally-appointed counsel is warranted only when it would serve 'the interests of justice.'" <u>Lambrix v. Sec'y, Florida Dep't of Corr.</u>, 756 F.3d 1246, 1259 (11th Cir. 2014) (citing and quoting <u>Martel v. Clair</u>, 132 S. Ct. 1276, 1284 (2012)). This inquiry is fact-specific, but the factors "generally include: the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." <u>Martel</u>, 132 S. Ct. at 1287. In this case, the interests of justice would not be served by substituting counsel.

First, the Motion is not timely. On May 29, 2007, the Eighth Circuit Court of Appeals denied Petitioner a certificate of appealability regarding the dismissal of his untimely habeas petition. The Motion was not filed until 2014, and shortly before Petitioner's execution date.

---

[1] Petitioner's execution date is October 29, 2014. To expedite resolution and appellate review of the Motion, only the facts and law necessary to resolve the Motion are discussed below.

During this interim, the Petitioner himself did not move for substitution of counsel. He also failed to file any document with this Court that expressed dissatisfaction with his appointed attorneys. In addition, no attorney or legal group moved for substitution of counsel. This seven-year delay weighs heavily against granting the relief requested. Brown v. United States, 720 F.3d 1316, 1336 (11th Cir. 2013) ("Requests made after years of litigation on the eve of trial or when ruling on a dispositive motion may be denied.") (citing Martel, 132 S. Ct. at 1288).

Second, the Motion claims that appointed counsel abandoned Petitioner. This claim is belied by the record. Among other things, Petitioner's appointed counsel have appeared on behalf of Petitioner in lethal injection cases and made other filings on his behalf. See Doc. 73, p. 11-15; Doc. 76, p. 4-5, with exhibits. Appointed counsel also state that they have had meetings and conversations with Petitioner. See id. The Court finds that Petitioner has not been abandoned by his appointed counsel.

Third, Petitioner's appointed counsel represented him before the Eighth Circuit. On appeal, appointed counsel argued that they timely filed Petitioner's habeas petition. Neither during or after the appellate process did the Eighth Circuit appoint substitute counsel or direct this Court to appoint new counsel.

Fourth, granting the Motion would set an untenable precedent in death penalty cases. That is, outside attorneys can toll an execution date by simply waiting until the eleventh hour and then second-guessing the work of appointed counsel. This tactic will not be countenanced, particularly under the facts of this case. See Martel, 132 S. Ct. at 1286 ("Protecting against abusive delay is an interest of justice"); Hunter v. Delo, 62 F.3d 271, 274 (8th Cir. 1995) (recognizing "the need to thwart abusive delay tactics"); Harris, 2012 WL 951487, at * 3 (stating that "the court will not allow the defendant to 'game the system' by filing motions to delay").

For all these reasons, and for the reasons previously stated by the Court, the Renewed Motion by Pro Bono Counsel for Substitution of 18 U.S.C. § 3599 Appointed Counsel (Doc. 100) is DENIED.

IT IS SO ORDERED.


Date: October 22, 2014                                         _____/s/ Dean Whipple_____
                                                                                    Dean Whipple
                                                                          United States District Judge