# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARK A. CHRISTESON, ) | |
| ) | |
| Petitioner, ) | Case No. 04-CV-08004-W-DW |
| ) | |
| v. ) | |
| ) | |
| DONALD D. ROPER, ) | |
| ) | |
| Respondent. ) | |

# SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Eighth Circuit's January 18, 2017 opinion, and following the evidentiary hearing on January 20, 2017, the Court hereby certifies the following supplemental findings of fact and conclusions of law. The transcript should be consulted for further details and/or clarification:

1. The Court finds credible the testimony of Petitioner's former counsel Phil Horwitz and Eric Butts. The Court bases this ruling on their demeanor while testifying. Their testimony is also consistent with the overall record. The Court further finds that Petitioner's current counsel had a full and fair opportunity to test the credibility of these witnesses.

2. The Court finds and accepts as credible Mr. Horwitz and Mr. Butts' testimony that they did not abandon Petitioner. In particular, the Court finds and accepts as credible Mr. Horwitz and Mr. Butts' testimony that they began reviewing documents and completing other work on behalf of Petitioner within 2-3 months of their appointment in July 2004. This means they started working on Petitioner's case months before the habeas petition was technically due. These pre-AEDPA deadline activities are further

detailed in Document 73 in the record, which this Court previously cited in its Order dated March 8, 2016.

3. The Court finds that Mr. Horwitz and Mr. Butts adequately and continuously represented Petitioner during all relevant time periods.

4. Mr. Horwitz and Mr. Butts both testified that they calculated the due date of Petitioner's habeas petition shortly after being appointed, and further testified that their calculation was based on specific cases. The Court finds credible their explanation for how they calculated the due date, and also finds that this calculation was a reasonable interpretation of the then-existing case law. The Court notes that both attorneys also testified that they had experience in other death penalty cases prior to their representation of the Petitioner.

5. The Court finds and accepts as credible Mr. Horwitz's testimony that he did not believe a conflict of interest existed once the habeas petition had been dismissed as untimely. As explained by Mr. Horwitz, Petitioner was not entitled to relief based on the existing case law.

6. The Court finds that as a matter of law and under the facts of this case, the attorneys' miscalculation does not constitute abandonment and that this miscalculation does not entitle Petitioner to equitable tolling or to reopen this case.

7. In the Eighth Circuit's January 18, 2017 Order, it stated that this Court made no findings as to "the pre-[AEDPA] deadline activity of original counsel." As stated above, this Court finds that original counsel miscalculated the AEDPA deadline, and that the miscalculation had legal support. Consequently, this Court finds that it is of

little significance what original counsel did—or did not do—before a deadline they did not believe existed.

8. Nonetheless, and as previously stated, the Court finds that Mr. Horwitz and Mr. Butts diligently performed work on behalf of Petitioner before the AEDPA deadline. As discussed in this Court's March 8, 2016 Order, Mr. Horwitz and Mr. Butts also performed significant work on behalf of Petitioner both before and after the date they mistakenly thought the habeas petition was due.

9. Petitioner's purported ethics expert, Lawrence Fox, did not appear at the hearing. After again considering his written opinions in light of today's hearing, the Court rejects Mr. Fox's opinions on abandonment as contrary to the facts and law of this case.

10. For the reasons stated at the hearing, the Court finds that Mr. Horwitz and Mr. Butts's time and billing records are not relevant. To the extent they are relevant, the Court accepts as credible their testimony that it was not unusual for them to not keep contemporaneous time records or to seek reimbursement for their work on death penalty matters.

11. The Court hereby incorporates and adopts by reference its order dated March 8, 2016.

12. The request for a stay of execution is denied.

IT IS SO ORDERED.

Date: January 20, 2017 _____/s/ Dean Whipple_____
Dean Whipple
United States District Judge